## Eliza A. Perkins v. Sebra Perkins, et al.

*Judicial acts: Evidence: Due course of Law.* The ascertainment that a debt is due and unpaid, and the determination of the amount, are judicial acts, and can only be made where the party to be bound has had an opportunity of being heard in due course of law.

*Decree where there are several instalments: Default: New adjudication: Sale.* Where money is payable by instalments, no decree can be lawfully made for any of them until an opportunity has been afforded to contest each alleged default, and a decree upon one hearing will not authorize a sale for a subsequent instalment, without a new hearing and adjudication.

*Effect of decree of sale, without adjudication: Alimony.* Where a decree was made directing a sum allowed for alimony to be paid in several future payments, and directing a sale on default—a sale made after all the payments had matured, but without any adjudication of the non-payment, and without any further hearing or decree, was held illegal and invalid.

*Order: Decree: Appeal.* An order of the court below vacating the sale (which had never been lawfully confirmed), but in addition ordering a new sale upon new terms and conditions, was thereby converted into a decree, and was therefore open to appeal.

*Assignment of interest in decree, effect of.* Where a complainant assigns all interest in a suit, the suit becomes defective, and no subsequent proceedings can be properly had on behalf of the assignee, without an original bill in the nature of a bill of revivor and supplement.— *Webster v. Hitchcock,* 11 *Mich.* 56.

*Courts of Equity: Power to create lien on real estate: Alimony: Sequestration.* A court of equity has no original power to create liens on real estate, and has no general power, under the Compiled Laws, to declare alimony to be a specific charge upon lands, or to direct such lands to be sold in default of payment.

Jurisdiction over alimony is statutory, and cannot be extended beyond the statute authority, which only allowed a sequestration of rents and profits of realty where the defendant had been ordered to give security, and had neglected or refused to do so.

PERKINS v. PERKINS.

*Decree for alimony: Effect of lien created by deed.* Where a defendant conveyed lands upon which the court had attempted to create a lien for alimony, and by his deed expressly charged them with the amount decreed, the estate was bound by the charge; but whether it could be enforced without new and original proceedings, *quære.*

*Costs on appeal in chancery.*—Where upon appeal a decree is partly affirmed and partly modified or vacated, but such change is not made in favor of the appellant, and the merits are adjudged in favor of the appellee, the latter is entitled to costs.— *Conway v. Waverly,* 15 *Mich.* 257.

*Heard, October 16th. Decided, October 22nd.*

Appeal from Washtenaw Circuit, in Chancery.

The appeal in this case was taken from an order of the Circuit Court setting aside a sale of real estate, and ordering a re - sale.

The facts are stated in the opinion.

*A. Felch,* for appellants.

*Norris & Uhl,* for appellees.

In this case the appeal is had from a *final* order, and brings up for review so much of the proceedings as are connected therewith.— 2 *Doug. (Mich.)* 306.

But the Court is confined to the examination of errors found in the transcript.— *Id.* 169.

1. The petition to set aside the sale was properly granted, because of the following irregularities:

*a.* The decree does not authorize a sale, unless defendant shall neglect to pay, for forty days after time of decreed payment.

It was a final decree, but required a further order, upon proofs of demand and non-payment, to authorize a sale.— 1 *Barb. Ch. Pr.* 332.

*b.* If alimony is suffered to run in arrear, any payments on account of the wife may be deducted, on her application to enforce payment. — *Bish. Mar. & Div.* § 594, *citing* 3 *Hagg.* (5 *E. E. L.* 126, 128), 322; 1 *Phil.* 210.

*c.* But the *first* process to enforce performance of decree is an execution. This is not shown, and was not had. — 1 *Barb. Ch. Pr.* 441; *Comp. L.* § 3517.

4. The "whole interest" of the complainant having been assigned January 5th, 1860, to George Renwick, who has since died, the proceedings since then are *irregular and coram non judice.* It was with this view that the prayer of the petition was to vacate the sale, and only for a re-sale "*if in the power of the court.*" This cause has abated. — 7 *Paige,* 18; 10 *Mich.* 117; 11 *Id.* 56; 13 *Id.* 258; 1 *Walker, Ch.* 416.

This being so, a bill of revivor and supplement must be filed before any further proceedings can be taken. — 2 *Barb. Ch. Pr.* 35, 36, 80 *to* 88.

CAMPBELL J.

An appeal is brought into this court from the order of the Circuit Court of Washtenaw county, setting aside the sale made by a Circuit Court Commissioner, under a decree declaring certain real estate liable for alimony, and provid-ing that upon default for forty days after any instalment became due, complainant might "sell such portions of the described real estate as will be sufficient to satisfy any amount due to her on said decree at the time of sale, in the same manner and with like effect as sales are made upon decrees of this court for the foreclosure and sale of premises mortgaged." The alimony allowed was payable in three annual instalments, with interest. The decree was dated in December, 1859. In October, 1864, a sale was made under this decree of the entire premises. A few days thereafter proceedings were stayed, and the order was vacated in August, 1865, when the Circuit Court Commissioner, who had in the mean time gone out of office, delivered over the deed to the purchaser, and the report of sale was filed, and an order of confirmation was entered without any no-tice to the adverse parties or their solicitors. The premises were bid off by one George N. B. Renwick, who paid no money to the commissioner, but assumed to receipt for the purchase money as paid by the conveyance, signing the

receipt in his own name *"for the heirs of George Renwick, assignee of such decree."* It appears that soon after its date, Mrs. Perkins assigned the decree to George Renwick, now deceased, and that the purchaser at the sale was his administrator. Shortly after the confirmation, an application was made to open the sale, signed by defendant's solicitors, and verified by one of them, alleging irregularities and violation of an understanding for delay, and averring inadequacy of price, and offering to increase the bid to about three times the sum at which the lands were struck off. It appearing that immediately after the decree, defendant sold the property to Lorenzo D. Perkins, the latter was also allowed to come in and join in the petition. Defendant, several years since, became insane, and a guardian was appointed for him, who has intervened in the cause. The Circuit Court set aside the sale, and ordered a new one in case of future default.

Mrs. Perkins and Renwick appealed.

A preliminary question was raised concerning the appealable character of this order. Inasmuch as the sale was never legally confirmed, so that Renwick acquired no additional rights as a purchaser, it may be questionable whether an order merely opening the sale could be deemed a final order; but the further clause directing a re-sale on new conditions, has the effect of a decree; and as the two purposes are combined in one adjudication, we must regard it as coming within the statute.

There were several formal points raised on the argument, but, inasmuch as the nature of the case requires us to pass upon the matters of substance, we shall not consider the more technical questions, which become unimportant.

The main objection to the sale is that it could not lawfully be made under the decree, without some further order adjudging the defendant to be in default, and ascertaining the amount. We think this objection is valid.

Giving to the decree all the force which can be claimed for it, the provisions it contains concerning alimony are the sole origin of that responsibility; and the object of these provisions is to create a debt payable in the future, and to place that debt on the footing of a mortgage. It certainly did not and could not adjudicate in advance for future defaults. No court, either of law or of equity, can lawfully direct judgment to go against a party until his default has been made out. The determination of the amount of any debt actually due, which is to stand as the basis of a judicial sale or execution, is a judicial act; and a hearing must precede the condemnation. In mortgage cases, a decree for the first instalment, while it must necessarily go upon a finding of the existence and validity of the entire mortgage, will not justify any assumption that a second default has occurred, without new proceedings calling on the defendant to respond to the new cause of action — *Comp. L.* § 3575, 3576, 3577. As often as a new instalment becomes due, if it is desired to enforce payment of it, the party must be allowed a hearing. The determination of the sum actually due, is necessary to an enforceable decree; and until this sum is judicially ascertained, there can be nothing to collect. It is a necessary part of a complete judgment.

The decree could not lawfully stand for any other purpose; and when it likens the proceedings enjoined to those in mortgage cases, it requires, of necessity, that as each instalment becomes due, there must be proceedings to obtain an adjudication upon it, before any sale can be ordered or permitted. Any other result would be absurd, and contrary to every principle of justice. No one can be subjected to a judgment without an opportunity to defend and dispute his default. The sale was void, therefore, and the court was bound to set it aside. And so much of the action of the Circuit must be affirmed.

But the question further arises whether we can affirm the entire order under the facts as presented. This involves some very serious considerations.

We were compelled, in *Conway v. Waverly* 15 *Mich.* 257, to deal with an order involving the same difficulty of affirming so much as was prejudicial to the appellants, and yet vacating other portions not legally authorized. The order in the present case is premature, in not requiring an adjudication of the amount due and in default. But the facts show more serious defects in the proceedings. It appears that the complainant assigned her entire interest several years ago. The effect of this was to render the suit as defective as if it had abated. This assignment required an original bill in the nature of a bill of revivor and supplement, to enable the assignee to proceed further.— *Webster v. Hitchcock*, 11 *Mich.* 56. And the death of the assignee, and the appointment of his administrator, have still further complicated the case, and demand additional showings.

Moreover, the condition of the defendant's interests calls for some consideration. The defendant against whom the decree for alimony was made has become insane. But before this he had conveyed his lands to Lorenzo D. Perkins, subject to the claim for alimony. That this directly charged the lands with that burden is unquestionable, but whether it made them liable to further proceedings *in this cause* is more doubtful. The decree expressly permitted Sebra Perkins to sell the lands subject to the alimony. But chancery courts have no inherent power to declare liens against real estate, to secure debts which may be established against the person. — *Bennett v. Nichols*, 12 *Mich.* 22. And they have no inherent power as courts of equity to decree permanent alimony at all. — *Peltier v. Peltier*, *Harr. Ch.* 19. The power is a statutory power, incident to the jurisdiction over applications for divorce. The statute prescribes the entire powers and regulations on the subject. By § 3248 of the *Comp. L.* the court, upon decreeing alimony, may direct the husband to furnish security therefor. Upon his neglect or refusal to give such security, or upon his failure to pay what he has been directed to pay, but only upon such default, the court

may sequester his personal estate, *and the rents and profits of his real estate,* and appoint a receiver, and cause the personalty and the *rents and profits* of the realty to be applied towards the alimony as it becomes due.    This is the only process provided for reaching or binding real estate, unless by execution.    The laws of 1865 (p. 529) have now enlarged the power, by permitting the court to direct the sale of wild and unproductive lands in certain cases.    We do not deem it proper, in the present case, to determine whether there are any circumstances which would empower the court to reach the interest of Lorenzo D. Perkins, without the institution of original proceedings, because no attempt has been made to bring him in at all.    We have referred to these difficulties which make it necessary for us to vacate a part of the order, to call the attention of the parties to some matters which do not seem until now to have been much considered, and to enable them to avoid, if possible, any further complications, which may lead to future questions of title.

So much of the order of the court below as vacates the sale, and all proceedings subsequent thereto must be affirmed.

The remainder of the order must be vacated.    As the action of this court is entirely in favor of the appellees, they will be entitled to costs against the appellants, as was determined in *Conway v. Waverly.*

MARTIN CH. J. and CHRISTIANCY J. concurred.

COOLEY J. did not sit, having been of counsel.