## Lucius Patterson v. Hannibal A. Hopkins and others.

*What not a final decree.* A decree is not final, although it declares the principles on which the court means to act in all its future doings in the cause, unless it also adjudicates upon, and fixes, the rights of parties so that it can be carried into effect without further inquiry as to their rights and liabilities.

When such a decree declared that there ought to be a specific performance, but does not fix its terms nor direct either party to do any act, and requires further inquiry as to title and incumbrances and an accounting, all of which are necessary to determine the terms and conditions of performance, it will be held to be interlocutory, and not to conclude the parties from further litigating their rights on a final hearing.

*Suggestion as to practice in drawing orders.* The practice of inserting in orders preliminary directions and abstract rulings on future contingencies condemned as leading to confusion.

*Heard October 25.    Decided October 26.*

Appeal in Chancery from Kent Circuit.

Motion to dismiss the appeal on the ground that the decree appealed from was not a final decree.

*D. Darwin Hughes,* for the motion.

*Charles I. Walker, contra.*

PER CURIAM.

The motion to dismiss this appeal rests on the claim that the decree is not final, but interlocutory. The difficulty which has arisen in determining its character, arises out of the fact that it purports to declare and regulate in advance, all or nearly all imaginable action that may be expected to be taken in the future disposition of the case. It declares the principles upon which the commissioner and the court are expected to act throughout.

But, in spite of all this, it really adjudicates nothing capable of being carried into effect without further inquiry as to the rights and liabilities of the parties. It declares that the complainant ought to have a specific performance,

but it does not fix the terms nor direct either party to act. In order to ascertain what shall be fixed as the specific action to be had by each, it orders a reference involving a multitude of nice and complicated inquiries, including, *first,* an inquiry into the rents received, the rental value, and the damages for waste or otherwise done or incurred during a possession wrongfully taken away from a receiver in the cause; *second,* an inquiry into liens and incumbrances, and into the state of the title; *third,* the state of the accounts after allowing and applying the sums estimated on the other inquiries. And in addition to these references, the decree goes on to require that upon or after various periods from the confirmation of the report, the defendants or the receiver shall pay off the incumbrances reported to exist, and in case the sums they should pay exceed what they may be entitled to receive on the contract, that they pay that excess or stand in contempt.

But every matter which legitimately belongs to a final decree is left to be determined. There is no adjudication whether any, and if so what, title will be found to exist to be conveyed; nor how much money is to be paid by either party to the other on the specific performance. All this is to be ascertained hereafter by proof. Upon the reference all these important controversies are yet to be litigated, and it is somewhat difficult to see how one reference can satisfactorily dispose of so many things which are contemplated as requiring different treatment under different aspects. The report or reports cannot be confirmed without an opportunity to be heard on such exceptions as may be taken, and there is no practice which would make this decretal order of reference sufficient to enforce itself upon the confirmation of the report without a new and distinct decree. It operates only as a set of instructions to the commissioner how to pursue certain investigations. Beyond

this, it is a mere declaration of intentions which the court, as at present advised, expects to carry out, but which, upon a final hearing, may or may not be adhered to. They have no efficacy until put into the form of a judgment that is capable of being carried into execution.

There would be great convenience in allowing an appeal from all such decretal orders as are designed, practically, to decide the main controversy. Considerable expense would be saved in a case like the present, if, before the long and intricate investigation before the commissioner, it could be finally decided whether the contract ought to be enforced. But the jurisdiction is now confined to appeals from decrees which are final in their action upon the rights of the parties, and ready to be definitely enforced.

The practice of inserting in these interlocutory decrees directions as to what decrees or orders shall be rendered in the future is very objectionable, although not without precedent. It originated in jurisdictions where such orders are appealable, and may have had some use in obtaining as full directions as possible for future conduct from the appellate court. But under our practice, it not only leads to confusion, but sometimes also to splitting up the final decrees themselves, by adjudicating piecemeal instead of in one decree.

The appeal must be dismissed. But the intricate character of the decree has very naturally led to taking the case up, and no costs can be given on the dismissal.