## Frederick C. Brown v. John S. Thompson and another.

*Chancery appeal: Return : Register.* To a chancery appeal the register is required to return the entire record, and is not permitted to omit any thing upon his own determination that it is not material.

*Mortgages : Installments : Foreclosure : Decree : Payment : Practice.* . Each installment of a mortgage payable in installments is so far separate from the rest under the statute (*Comp. L.*, § 5157), that a payment before decree in a suit to foreclose for a single installment, puts an end to the suit; and payment after decree would have the same effect but for the saving clause of the statute.

*Equity pleading and practice : Mortgage foreclosures : Default : Admissions : Installments.* The effect of a default in a suit to foreclose for an installment is only to admit the securities as alleged and the amount then due; and it cannot operate as an admission in the future of the non-payment of an installment not yet due.

*Proceeding for further decree : Practice : Notice : Proofs.* The proceeding for a further decree upon an additional installment, after payment of a prior decree, is essentially a new suit in all except form; and notice is required to every person whose interests are to be affected as in an original suit; and the rights of the parties can only be determined by proofs as in other cases.

*Default : Publication : Proofs : Payments.* Upon a default by a defendant brought in by publication, either under an original bill or a petition for further decree, there can be no decree without proofs; and the complainant should also be sworn as to payments.

*Death of mortgagor : Revivor : Absentees.* In case of death of the mortgagor after payment of the first decree and before proceedings for further decree on an additional installment, if a bill of revivor is not absolutely essential, averments of equivalent import, by way of the statutory petition, are at least requisite; and absentees must be brought in by publication.—*Comp. L.*, § 5103.

*Appearance.* An appearance to set aside the proceedings for irregularities cannot be treated in this case as an appearance in the cause.

*Heard January 16.    Decided January 29.*

Appeal in Chancery from Calhoun circuit.

*Alvan Peck* and *John C. Fitzgerald,* for complainant.

*Rienzi Loud* and *T. G. Pray,* for defendant John S. Thompson.

CAMPBELL, J.

John S. Thompson appeals from an order refusing to vacate a sale in chancery made under a decree for the payment of installments of a mortgage, which had become due since the first decree.

That decree was satisfied without a sale. John S. Thompson was brought in as a subsequent purchaser or encumbrancer, and by publication as an absent defendant. Rensselaer Thompson, the mortgagor, was personally served, but made default. Neither party defendant appeared in the suit before the original decree, which was entered March 8, 1871.

On the 6th day of December, 1872, complainant swore to a petition setting up the fact that two further installments, amounting with interest to one thousand two hundred and twenty-eight dollars and eighteen cents, had become due, and praying for a further decree. Upon this *ex parte* petition, without any notice to either defendant, and without any reference or proof, a decree was made December 23, 1872, for a sale for the amount alleged in the petition. No time was allowed for payment. A sale was at once advertised, and on the 15th day of the ensuing February, 1873, the whole premises were bid off by, and conveyed to complainant on commissioner's sale. The report of sale was filed and rule *nisi* for confirmation entered on the 17th day of March, 1873. A petition for opening the sale was presented March 12, 1873, and amended petitions on several succeeding days, and refused by the court. The register has failed to return these papers, and we are not therefore informed what defects were supposed to exist in them. It was his duty to return the entire record, and not attempt to determine what is or is not material. But their contents would not change the result we are compelled to reach, and therefore it is not necessary to discuss them. A petition was presented and counter affidavits filed in the latter part of June, 1873, and on the 18th day of July, 1873, the circuit court dismissed it, and refused to disturb the sale.

Apart from questions affecting the regularity of the proceedings, this petition set up several important facts: *first*, payment of a part and extension of time on another part of the installment claimed; and, *second*, the death of Rensselaer

Thompson before the petition of complainant for a further decree had been filed; and *third*, that defendant John S. Thompson (who is a non-resident, but who had a local agent authorized to act for him, and known to complainant), had owned the lands for several years. The facts concerning the defendant's equities were verified by his agent, William Bothwell. Complainant gave a different version of the arrangements, and relied on his proceedings.

These main facts all went to the merits of the decree, and could not be finally tried on affidavits. But the affidavits on both sides show very plainly the danger of allowing any such practice as has been resorted to.

Where a mortgage is made payable in different installments, each installment is so far separate from the rest that a payment before decree of the amount due, puts an end to the suit.—*Comp. L.*, § *5157*. It is only by virtue of the statute that such a payment after decree does not have the same effect.—§ *5158*. The effect of a default in such a case can only be to admit the securities as alleged, and the amount then due. It cannot operate as an admission of any matter *ex post facto*, and therefore the non-payment of any future installment can only be established when the fact is alleged of record, and the defendant has an opportunity to meet it. He is not bound to deny allegations before they are made.—*Albany City Bank v. Steevens, Walk., Ch. R., 6 ; Perkins v. Perkins, 16 Mich. R., 166.* The proceeding to obtain a further decree is essentially a new suit in all except form, and we think the *dictum* in *Walker's Reports*, to the effect that no one but the mortgagor is entitled to notice, is not authorized by legal principles. Every person whose interests are to be affected has a right to be heard, and it would not be lawful to deprive him of it.

Service of papers in such a case must be made as in an original suit: that is, personally or by publication. And any defense which a defendant may have can be introduced and established by proofs on either side. The issues differ

in no respect from those in the original suit, unless as to the execution of the mortgage and its terms, which are established by the original decree, when that is lawfully made.    The rights of the parties litigant can only be determined by lawful testimony, and are in no way subject to the discretion of the court.    See *Parker v. Judge of Calhoun Circuit, 24 Mich. R., 408.*

Had Rensselaer Thompson lived, it would therefore have been necessary to serve him with the papers ; and John S. Thompson could only have been brought in by publication, unless service was made on Mr. Bothwell, who was authorized to accept it for him.    And on such service either or both of the defendants could have set up any defense which they might have had.    Upon a default by a defendant brought in by publication there can be no decree without proofs; and the complainant should also be sworn as to payments.—*Comp. L.,* §§ *5120, 5121, 5122.*

In the present case there was not only no notice to either defendant, but there was no proof of any kind introduced.    The petition, which was entirely *ex parte,* was taken as true.    This was in direct violation of the statute, which declares that the bill of complaint shall not be considered as evidence against an absent defendant; and the petition can be no more effectual.—*Comp. L.,* § *5121.*    If the court had granted complainant his first decree on the day he filed his bill, and without any further ceremony, it would have been equally valid with this.

But if Rensselaer Thompson was dead, then the suit had abated as to him, and could not proceed without a suggestion of that fact, and some proper action to show upon the record what persons had succeeded to his rights. In an ordinary suit before decree the statute allows these matters to be introduced summarily.—*Comp. L.,* § *5102.*    A petition may be used instead of a bill of revivor. But in such a case as this, where, until a further installment becomes due, the whole suit is dormant, it may be questionable whether the statute applies, and whether a bill is

not necessary. There is perhaps no objection to using the statutory petition upon further installments with such additional averments as would be used in an original bill in the nature of a bill of revivor and supplement. The statute makes express provision for publication in such cases to bring in absentees.—*Comp. L.*, § *5103.*

The defendant's petition is the first document in the case indicating that Rensselaer Thompson is dead, or that John S. Thompson owns the land. This transfer of interest must appear by the records before complainant can act upon that assumption in taking a decree. He must bring in by some distinct averment all the proper parties, and if Rensselaer Thompson is dead, the whole proceedings would be void on that account, aside from the more serious jurisdictional questions already discussed. It results from what we have said that the entire supplementary proceedings are invalid, and that complainant can have no standing until he presents a proper petition and brings in all necessary defendants by service or publication. An appearance for the purposes of this proceeding cannot be treated as an appearance in the cause, as there is nothing to be answered until the suit is properly revived.

The sale and decree must be set aside, with costs of both courts, and the cause remanded to the circuit court.

GRAVES, CH. J., and COOLEY, J., concurred.

CHRISTIANCY, J., did not sit in this case.