WURZER *v.* GERALDINE.

1. MORTGAGES—FORECLOSURE—STATUTES—EQUITY.

   Mortgage foreclosure proceedings are special and statutory and not an exercise of inherent equity powers of the court.

2. JUDGMENT—FINAL JUDGMENTS.

   Final judgments are such as at once put an end to the action by declaring that the plaintiff has either entitled himself, or has not, to recover the remedy for which he sues.

3. SAME—INTERLOCUTORY ORDERS.

   An order is interlocutory which does not deal with the final rights of the parties but is made before judgment on a matter of procedure or, after judgment, directing how declarations of right already given are to be worked out.

4. EQUITY—PRACTICE.

   Chancery practice in Michigan is based upon that of England and largely copied from that of New York.

5. MORTGAGES—FORECLOSURE DECREE—FINALITY.

   Consent decree of foreclosure which gave mortgagor time within which to make instalment payments of amount found due and stayed execution in the meantime is none the less final because it also required subsequent action of court in determination of whether or not default occurred and amount due according to terms of decree.

6. JUDGMENT—APPEALABILITY.

   An adjudication made at any stage of a cause may be appealable but whether or not an order is interlocutory or final from that standpoint depends entirely on the effect it produces upon the rights and interests of the parties.

7. MORTGAGES—FORECLOSURE—TIME FOR PAYMENT.

   In mortgage foreclosure decrees custom of giving time for payment before sale of property does not render decree interlocutory since it is the essence of an interlocutory order or decree that it may on final hearing be set aside, altered, changed or modified.

8. SAME—FORECLOSURE SALE—INSTALMENT DECREE.

Court may order sale of such portion of premises as is necessary to satisfy amount found due under final foreclosure decree providing for payment of sum due in instalments where day in court upon question of default and amount due pursuant to terms of said decree is afforded upon motion for order of sale of premises (3 Comp. Laws 1929, §§ 14376–14378).

9. SAME—CONSENT DECREE—FORECLOSURE FOR INSTALMENTS.

Consent decree in mortgage foreclosure proceedings providing for its payment in instalments and in case of default substantially the same provisions as in statutes for foreclosure of instalment due under a mortgage *held,* a final decree which settled the controversy then pending between the parties (3 Comp. Laws 1929, §§ 14376–14378).

10. SAME—MORATORIUM ACT.

Plaintiff who was granted final decree of foreclosure entered prior to effective date of mortgage moratorium act *held,* entitled to order of sale for instalment due under said decree on motion filed after moratorium act became effective (Act No. 98, Pub. Acts 1933).

Appeal from Otsego; Smith (Guy E.), J. Submitted June 5, 1934. (Docket No. 9, Calendar No. 37,534.) Decided September 18, 1934.

Bill by Louis C. Wurzer, administrator of the estate of Herman L. Benz, deceased, against Dion Geraldine and others to foreclose a mortgage. Decree for plaintiff. On motions for order for sale and for continuance under Act No. 98, Pub. Acts 1933. From order granting continuance, plaintiff appeals. Reversed and order for sale granted.

*Wurzer & Higgins (John T. Higgins,* of counsel), for plaintiff.

*John McNeil Burns* and *Cyril E. Bailey,* for defendants Geraldine.

Potter, J. Upon a bill to foreclose a real estate mortgage, a decree was entered. Defendants defaulted in making payments decreed to be made January 20, 1933. Plaintiff filed a motion under paragraph 11, of the decree, to enter an order or supplemental decree determining the amount due under such decree and directing foreclosure sale, provided for therein, be proceeded with for the reasons the payment provided for in the decree to be made on January 20, 1933, was in default, and the amount due under the decree was the sum of $23,739.03 plus taxes, interest and penalties as shown by the records of the treasurer's office of Otsego county.

This motion was supported by affidavit and noticed for hearing on June 6, 1933, before the circuit judge. No answer was filed thereto, but defendants filed a petition for a continuance until March 1, 1935, upon conditions to be determined by the court pursuant to Act No. 98, Pub. Acts 1933, and the trial court holding no final decree had been entered, ordered an adjournment of all proceedings therein until March 1, 1935.

Plaintiff appeals, claiming the decree first entered was a final decree and such decree being a final decree, entered before the effective date of Act No. 98, Pub. Acts 1933, the trial court was without power to stay foreclosure sale thereunder but could only extend the period of redemption after sale. The important question is whether such decree was a final decree.

1. Mortgage foreclosure proceedings are special and statutory and not an exercise of inherent equity powers of the court. *Johnson* v. *Shepard,* 35 Mich. 115; *Kelly* v. *Gaukler,* 164 Mich. 519; *Kollen* v. *Sooy,* 172 Mich. 214; *Union Trust Co.* v. *Detroit Trust Co.,*

243 Mich. 451; *Janower* v. *F. M. Sibley Lumber Co.,* 245 Mich. 571.

2. Blackstone says:

"Final judgments are such as at once put an end to the action by declaring that the plaintiff has either entitled himself, or has not, to recover the remedy he sues for." 3 Blackstone Commentaries (8th Ed.), p. 398.

In *Shubrook* v. *Tufnell,* 9 Q. B. Div. 621 C. A. (46 L. T. 749), the order in question did not decide the matter in litigation but referred it back to an arbitrator. Upon the application on which it was made, a final adjudication might have been made. The order was held to be final. This holding was approved by Lord Halsbury, L. C., in *Bozson* v. *Altrincham Urban District Council,* 1 K. B. (1903) 547 C. A. (72 L. J. K. B. 271, 67 J. P. 397, 19 T. L. R. 266).

"To constitute an order a final judgment, nothing more is necessary than a proper *litis contestatio,* and a final adjudication between the parties to it on the merits." *Ex parte Moore, In Re Faithfull,* 14 Q. B. Div. 627 (54 L. J. Q. B. 190, 52 L. T. 376).

*In re Riddell, Ex parte Earl of Strathmore,* 20 Q. B. Div. 512 (57 L. J. Q. B. 259, 58 L. T. 838), Lord Esher suggested this definition of a final judgment, namely:

"A judgment obtained in an action by which the question whether there was a pre-existing right of the plaintiff against the defendant is finally determined in favor either of the plaintiff or of the defendant."

And in 18 Halsbury's Laws of England, p. 178, it is said:

"A judgment or order which determines the principal matter in question is termed 'final.' An order

which does not deal with the final rights of the parties, but either (1) is made before judgment, and gives no final decision on the matters in dispute, but is merely on a matter of procedure; or (2) is made after judgment, and merely directs how the declarations of right already given in the final judgment are to be worked out, is termed 'interlocutory.' ''

3. Chancery practice in Michigan is based upon that of England and largely copied from that of New York.

In *Mills* v. *Hoag,* 7 Paige (N. Y.), 18 (31 Am. Dec. 271), it is said:

''Chief Justice Savage defines a final decree to be the last decree which is necessary to be entered to give to the parties the full and entire benefit of the judgment of the court. The decree in this case comes within that definition, as no further questions or directions are reserved for the future judgment of the court. And although some further proceedings are to be had before a master to carry into effect the decree, all the consequential directions depending upon the result of those proceedings are given in the present decree. It is true there may be exceptions to the master's report; and in that case a further order of the court will be necessary to dispose of those exceptions. But a decree is not the less final in its nature because some future orders of the court may possibly become necessary to carry such final decree into effect. The usual decree in mortgage cases, for the sale of the property and the distribution of the fund among the parties and finally disposing of the question of costs, is a final decree as between the complainant and the defendants, and is constantly enrolled as such; although the master's report of the sale and distribution may be excepted to if it is erroneous, and it may require a subsequent order of the court to dispose of the questions which may thus arise.''

In *Johnson* v. *Everett,* 9 Paige (N. Y.), 636, it is said:

"A decree never can be said to be final where it is impossible for the party in whose favor the decision is made ever to obtain any benefit therefrom without again setting the cause down for hearing before the court, upon the equity reserved, upon the coming in and confirmation of the report of the master, to whom it is referred to ascertain certain facts which are absolutely necessary to be ascertained before the case is finally disposed of by the court; or which the chancellor thinks proper to have ascertained before he grants any relief whatever to the complainant. But if the decree not only settles the rights of the parties, but gives all the consequential directions which will be necessary to a final disposition of the cause, upon the mere confirmation of the report of the master by a common order in the register's office, it is a final decree and may be enrolled at the expiration of 30 days; although the amount to which the complainant may be entitled under such decree is still to be ascertained upon a reference to a master for that purpose. Thus, in the ordinary case of a bill for the foreclosure of a mortgage, if the decree merely decides or declares the rights of the complainant by virtue of his bond and mortgage, and refers it to a master to compute and ascertain the amount due to him, reserving all further questions and directions until the coming in and confirmation of the master's report, it is an interlocutory decree merely; as the complainant cannot obtain the benefit of his suit until he brings the cause on to be heard again upon the equity reserved and for further directions as to a sale of the mortgaged premises and the payment of his debt and costs out of the proceeds of such sale. But if the decree, in addition to the reference to the master to compute the amount due upon the bond and mort-

gage, proceeds further and gives the usual directions in such cases, that upon the coming in and confirmation of the report of the master, the premises shall be sold, and that the master who makes such sale shall pay the amount so reported due, together with the interest and costs, out of the proceeds of such sale, and directing the mortgagor to pay the deficiency reported due upon such sale, the decree is final; although the mortgagor may have the right to except to the master's report of the amount due. For the questions arising upon the exceptions to the master's report, in such a case, are merely incidental to the carrying of the final decree in the cause into full effect.''

"The true rule seems to be, that if that which remains to be done or decided will require the action or consideration of the court before the rights involved in the cause can be fully and finally disposed of, the decree is interlocutory; but it is none the less final if, after settling the equities, it leaves a necessity for some further action or direction of the court in execution of the decree as it stands." 1 Black on Judgments (2d Ed.), § 41.

"A decree is final which directs the sale of property and fixes the rights and interests of the respective parties therein, though the officer who is to make the sale is required, after paying a specified claim, to pay the surplus in his hands to the complainant 'after deducting such costs as the court shall decree to be paid out of the same.' A judgment dissolving a partnership, directing a sale of the firm property and providing for the distribution of the proceeds between the parties, is a final judgment, though the compensation of the receiver and the amount to be paid to the creditors are reserved for future determination. A decree in other respects final is not rendered interlocutory by a direction therein contained, in aid of the execution

of the decree, requiring the defendants to account concerning certain specified matters, and a reservation to the court of the right to make 'such further directions as may be necessary to carry this decree into effect concerning costs, or as may be equitable and just.' If, in an action to recover moneys on a contract for the sale of land and to subject the land to sale for such amount as should be found due, a cross-petition is filed, alleging the existence of a cloud on plaintiff's title, and the court, after trial, adjudges that the cloud has been removed, that the complainant has deposited with the clerk deeds conveying to defendant a clear title, that a specified amount is due plaintiff, that such amount be paid to the clerk of the court within 30 days, and in default thereof that execution issue therefor, and that on payment thereof by defendant the deeds be delivered to him, the provision delaying execution and declaring that the deeds shall be delivered only after payment, does not prevent this adjudication from being a final judgment. Generally, clauses in judgments or decrees suspending their operation for a specified time, or giving defendant a period within which to make payment, and staying execution in the meantime, are not regarded as rendering interlocutory decrees which are otherwise final." 1 Freeman on Judgments (5th Ed.), § 37.

4. Defendants rely upon *Perkins* v. *Perkins*, 16 Mich. 162; *Patterson* v. *Hopkins*, 23 Mich. 541; *Brown* v. *Thompson*, 29 Mich. 72, and *Ritzer* v. *Ritzer*, 243 Mich. 406, to show the decree in question is interlocutory.

*Perkins* v. *Perkins*, *supra*, involved an appeal from an order setting aside a circuit court commissioner's sale of real estate under a decree of divorce declaring the real estate liable for alimony and providing if default was made in its payment the premises could be sold. It is said:

"It certainly did not and could not adjudicate in advance for future defaults. No court, either of law or of equity, can lawfully direct judgment to go against a party until his default has been made out. The determination of the amount of any debt actually due, which is to stand as the basis of a judicial sale or execution, is a judicial act; and a hearing must precede the condemnation. In mortgage cases, a decree for the first instalment, while it must necessarily go upon a finding of the existence and validity of the entire mortgage, will not justify any assumption that a second default has occurred, without new proceedings calling on the defendant to respond to the new cause of action: 2 Comp. Laws (1857), §§ 3575, 3576, 3577. As often as a new instalment becomes due, if it is desired to enforce payment of it, the party must be allowed a hearing. The determination of the sum actually due is necessary to an enforceable decree; and until this sum is judicially ascertained there can be nothing to collect. It is a necessary part of a complete judgment."

In *Patterson* v. *Hopkins, supra,* a suit for specific performance, it was said of the decree entered:

"It declares that the complainant ought to have a specific performance, but it does not fix the terms nor direct either party to act. In order to ascertain what shall be fixed as the specific action to be had by each, it orders a reference involving a multitude of nice and complicated inquiries, including, first, an inquiry into the rents received, the rental value, and the damages for waste or otherwise done or incurred during a possession wrongfully taken away from a receiver in the cause; second, an inquiry into liens and incumbrances, and into the state of the title; third, the state of the accounts after allowing and applying the sums estimated on the other inquiries. And in addition to these references, the

decree goes on to require that upon or after various periods from the confirmation of the report, the defendants or the receiver shall pay off the incumbrances reported to exist, and in case the sums they should pay exceed what they may be entitled to receive on the contract, that they pay that excess or stand in contempt.

"But every matter which legitimately belongs to a final decree is left to be determined. There is no adjudication whether any, and if so what, title will be found to exist to be conveyed; nor how much money is to be paid by either party to the other on the specific performance."

*Brown* v. *Thompson, supra,* was an appeal from an order refusing to vacate a chancery sale under a decree for the payment of instalments due on a mortgage. The order appealed from was *ex parte.* It is said:

"Where a mortgage is made payable in different instalments, each instalment is so far separate from the rest that a payment before decree of the amount due, puts an end to the suit. 2 Comp. Laws (1871), § 5157. It is only by virtue of the statute that such a payment after decree does not have the same effect. (2 Comp. Laws 1871), § 5158. The effect of a default in such a case can only be to admit the securities as alleged, and the amount then due. It cannot operate as an admission of any matter *ex post facto,* and therefore the nonpayment of any future instalment can only be established when the fact is alleged of record, and the defendant has an opportunity to meet it. He is not bound to deny allegations before they are made. *Albany City Bank* v. *Steevens,* Walk. Ch. 6; *Perkins* v. *Perkins,* 16 Mich. 166."

*Ritzer* v. *Ritzer, supra,* held that the general rule permitting appeals only from final orders or decrees

was particularly applicable in divorce cases under the statute which provides:

"When any decree of divorce is hereafter granted in any of the courts of this State, it shall be the duty of the court granting such decree to include in it a provision in lieu of the dower of the wife in the property of the husband, and such provision shall be in full satisfaction of all claims that the wife may have in any property which the husband owns or may thereafter own, or in which he may have any interest." 3 Comp. Laws 1929, § 12766.

The court holding there could not be several final decrees at the same time in the same divorce proceeding between the same parties, and the orders and decrees entered by the trial court directing the sale of real estate before final decree of divorce granted were all reviewable on an appeal from the final decree; such orders of sale having been made in violation of the statute.

5. We understand plaintiff does not question the correctness of the decisions made in these cases, but contends they are not applicable.

"The term decree is not applicable to the interlocutory orders made for the furtherance of suits, but belongs to such adjudications as settle some right or liability pertaining to the substance of the controversy." *Haines* v. *Haines,* 35 Mich. 138, 145.

"It may be said in brief, that the nature of any order, as a decree or final order, or as not final, depends entirely on the effect produced by the adjudication upon the rights and interests of parties; and that the usual distinction between interlocutory and other orders depending on the cause in which they are made, is not the test for appellate purposes. An adjudication made at any stage of a cause may

have such an effect as to render it appealable."
*Barry* v. *Briggs,* 22 Mich. 201.

In the case last cited suit was filed for a receiver of copartnership assets after the death of one partner. Under the law, the surviving partner was entitled to possession of the property, to wind up the partnership business, settle the debts, make such compromises as were necessary, convert the assets into distributable form, acting not only for himself but in a fiduciary capacity for the benefit of the estate of his deceased partner. The trial court appointed a receiver to collect all claims, sell the property, convert it into cash, restraining defendant from interfering with the property or assets, directing him to transfer and turn over to the receiver all of the books, papers, vouchers and property of the former copartnership so as to vest title thereto in the receiver. The court held this order was appealable, its effect being to divest the entire legal estate of defendant, in property over which he had exclusive control as well as exclusive title, and in which he was equitably as well as legally interested.

"Decrees relate directly to the merits of the controversy, and are decisions made upon the issues in the cause. Whenever finally adjudicating upon these matters, they are necessarily final as to both parties and therefore either, if aggrieved, may appeal. But what are known as final orders are adjudications upon motions or other applications, not involving a hearing upon pleadings and proofs, but upon other issues interlocutory or collateral, whereby some supposed right of a party is definitely cut off, or some liability fixed upon him. Usually, if not always, an order made on such a side hearing is only final if made in a certain way; whereas, if the de-

cision had been otherwise it would have been interlocutory; while an absolute decree made in favor of either party is final. If the decision of a motion opens a case it is not generally final, unless it cuts off some acquired right under a decree. If it closes the matter and precludes any further hearing or investigation it is final." *Kingsbury* v. *Kingsbury,* 20 Mich. 212.

6. It is customary in mortgage foreclosure decrees to give time for payment before sale of the property. That does not render the decree interlocutory. In this case the decree entered settled all of the controverted questions involved in the litigation. It is the essence of an interlocutory order or decree that it may on final hearing be set aside, altered, changed or modified. This cannot be said of the decree in question which settled the controversy pending between the parties, but permitted payment of the sum decreed to be due, in instalments. Order of sale was sought by plaintiff by reason of defendants' default in the payment of instalments due. This gave rise to the appeal. The statutes have long recognized the right to foreclose mortgages for default in the payment of instalments due thereon. The statutes were specifically mentioned in *Perkins* v. *Perkins, supra,* and *Brown* v. *Thompson, supra,* relied upon by defendant.

The decree here involved found the amount due and that defendants were in default. It provided the amount due could be paid in instalments over a limited fixed time. Had the instalments been paid as directed when due, defendant would have been entitled to a stay of proceedings; the property could not have been sold so long as defendant was not in default in carrying out the terms of the decree.

"If, after a decree for sale entered against a defendant in such case, he shall bring into court the principal and interest due, with costs, the proceedings in the suit shall be stayed; but the court shall enter a decree of foreclosure and sale, to be enforced by a further order of the court, upon a subsequent default in the payment of any portion or instalment of the principal, or of any interest thereafter to grow due." 3 Comp. Laws 1929, § 14376.

There is no doubt but that under the rule of *Perkins* v. *Perkins, supra,* and *Brown* v. *Thompson, supra,* as well as under the express terms of the statute, 3 Comp. Laws 1929, § 14377, defendants were entitled to their day in court upon the question of default and the amount due. This was given them by plaintiff by motion and default was conceded. When such default is admitted, the statute provides:

"If, in the case mentioned in the preceding section, there shall be any default subsequent to such decree, in the payment of any portion or instalment of the principal or of any interest due upon such mortgage, the court may, upon the petition of the plaintiff, by a further order founded upon such first decree, direct a sale of so much of the mortgaged premises to be made under such decree, as will be sufficient to satisfy the amount so due, with the costs of such petition and the subsequent proceedings thereon, and the same proceedings may be had, as often as a default shall happen." 3 Comp. Laws 1929, § 14378.

Other sections of the statute direct special statutory procedure on mortgage foreclosure cases which are here applicable. The decree originally entered was a final decree. It provided defendant First National Fur Farms was indebted to Herman L.

Benz in the sum of $41,335.40; that to secure the payment of this indebtedness the real estate mortgage in question was given; that subsequently it was agreed between Benz and appellants the amount due on the real estate mortgage was $37,879.95, which said sum appellants covenanted and agreed to pay; that the real estate mortgage contained a clause in relation to taxes, insurance, title insurance, abstracts, care, upkeep and repairs and the payment and discharge of prior liens. It established there had been default in the payment of principal, interest, taxes and insurance upon the mortgaged premises; that there was due $17,682.45, plus $2,065.88 on a prior mortgage lien and $2,330.70 for unpaid taxes, together with interest. It provided the defenses set up in the answers of the several defendants filed were settled, compromised and merged in the decree; it provided for the payment of the amount found by the decree to be due in six instalments of principal and interest; that if any default be made in the payment of such instalments or in the payment of insurance premiums or taxes on the premises, plaintiff could apply to the trial court by motion, and on notice to defendant, have the question of default in payments fixed, determined, and the premises ordered sold to satisfy the amount due upon the mortgage indebtedness, for foreclosing appellant's equity of redemption, if the premises sold were not redeemed from such sale; the purchaser at such mortgage sale being let into possession of the premises bought, and for a deficiency decree.

This decree was a consent decree. It was approved both as to the form and substance by the attorneys for the several parties; it provided for payment of the amount due in instalments. It fol-

lowed substantially the applicable statutes in case of foreclosure of real estate mortgages for default in the payment of instalments due. Its terms were not contrary to statute nor opposed to public policy. The procedure provided was agreed upon, assented to and the parties are bound thereby.

The order of the trial court continuing the case to March 1, 1935, is reversed and set aside and decree will be entered for plaintiff, with costs.

NELSON SHARPE, C. J., and NORTH, FEAD, BUTZEL, and EDWARD M. SHARPE, JJ., concurred with POTTER, J.               ·

WIEST, J. *(concurring.)*   I concur in the result.

The decree was final and the subsequent petition was merely subservient.

BUSHNELL, J., concurred with WIEST, J.