## George W. Lewis v. Theodore J. Campau and others.

*Decrees, final and interlocutory. Appeal. Receiver.* Where a bill is filed in aid of proceedings to remove administrators, and to have a Receiver take charge of the assets until the legal action is disposed of, an order appointing such Receiver for the purposes set out in the bill, is in effect a final decree, although purporting to be interlocutory, and is therefore appealable.

Although it is improper to dispose of the merits in parcels, or to do so at all until the cause is ripe for hearing, yet if this is done, the party aggrieved cannot by such irregular action be debarred of his right to appeal from any order which disposes finally of any part of the merits. This would enable his adversary to profit by his own wrong.

*Bill. Inconsistent prayer.* The insertion of a prayer for the removal of the administrators, being inconsistent with the rest of the bill, which is in aid of proceedings at law to remove them, cannot change the ancillary character of the suit.

*Heard July 6th, 7th.        Decided July 11th.*

Appeal from Wayne Circuit, in Chancery.

The complainant filed his bill in the Court below, praying for the appointment of a Receiver, and for other substantial relief. After answer, and before the cause was at issue by replication, a motion was made by the complainant for the appointment of a Receiver, according to the prayer of the bill; and the Court made an order accordingly. From this order an appeal was taken to this Court.

The particular character of the bill, and other facts pertinent to a full understanding of the questions involved, are stated in the opinion of the Court.

*C. I. Walker* and *A. B. Maynard*, for complainant.

The cause was not at issue when the order was made. It was interlocutory, and could not be appealed from.—18 *How. U. S.* 201; 19 *Id.* 283; 2 *Doug. (Mich.)* 288; 5 *Mich.* 460; 10 *Id.* 398, 425; 12 *Id.* 22, 311.

*G. V. N. Lothrop*, for defendants.

CAMPBELL J.

This is a motion to dismiss an appeal, on the ground that the order appealed from is neither a "*decree*" nor a "*final order*" within the statute regulating Chancery appeals.

The bill was filed by Lewis, setting forth that he had applied for the removal of such of the defendants as are administrators of the estate of Joseph Campau, deceased, and that from the decree of the Probate Court, refusing such removal, he had appealed to the Wayne Circuit Court, where this bill was presented. He avers also the alleged facts of misconduct in the management of the estate, and improper charges in the accounts, which are also under litigation, and prays for a Receiver to take entire charge of the property in the hands of the administrators, until the question of their removal is settled.

The bill is a bill in aid of the appeal proceedings, and the relief asked is entirely ancillary, so far as the appointment of a Receiver is concerned. There is no fund in the hands of the Court, as a Court of Chancery, to be administered in this cause, to which the appointment of a Receiver might be incidental; and there is no prayer in the bill asking such an appointment, except as the relief desired on the merits.

Within a few days after the bill was filed, and before any answer was put in, and before the subpœna was returnable,

notice was given of a motion for a Receiver, in precise accordance with the prayer of the bill. Upon this motion an order was made appointing such Receiver to act until further order, and enjoining the administrators from further meddling with the estate; reserving the question of costs and further directions until the final hearing. This is the order appealed from.

It is claimed by complainant that this is a purely interlocutory order, and therefore not open to appeal.

The statute restricts the right of appeal to decrees and final orders, and the settled meaning of the term "decree," in this sense, is determined to embrace only such decrees as are not interlocutory. The difference between interlocutory and final decrees is this, that in the former some further steps are required to be taken to enable the Court to adjudicate and settle the rights of the parties, while, under a final decree, the party obtains his rights without any further adjudication on the merits, either by the direct operation of the decree itself, or by means of proceedings of a ministerial character in execution of it. But it is not necessary that a decree should dispose of *all* the merits. Whenever the Court finally adjudicates any part of them,—although the practice of making separate decrees without necessity is very reprehensible,—yet the partial decree is neither void nor interlocutory.

Nor can it make any difference at what stage of the cause such a decree is made. It is contrary to justice and sound practice to condemn a defendant before he is heard, but if his rights are passed upon and affected prematurely, he is not to be debarred from his appeal because the decree was unauthorized. This would enable his adversary to take advantage of his own wrong.

In the present case the question raised by the bill, and which the defendants were entitled to have decided upon the merits by legal proof, was, whether by their conduct they had rendered it necessary, for the safety of the parties concerned, to have the estate in their hands taken from the legal custo-

dians, and held until it should be determined whether they should be removed from office, in a proceeding on the law side of the Court; for, although there is a prayer in this bill for their removal, complainant shows that he himself is urging those proceedings, with which this prayer is inconsistent. This order for a Receiver decides the whole merits, and takes away the property from its legal owners, without waiting the developments of the pleadings and proofs. The mere fact that the Receiver is to act only until further orders does not change its character, for such must always be the legal position of a Receiver, who is but a representative of the Court. The point in controversy was, whether the Court should take charge of the fund at all.

We think the order, although professedly interlocutory, is in fact a decree, and that the appeal is properly brought. The motion to dismiss must be denied, with $10 costs.

COOLEY and CHRISTIANCY JJ. concurred.

MARTIN CH. J. dissenting:

I do not concur with my brethren in this case. The bill was filed to remove administrators, and for the appointment of others,—asking for the appointment of a Receiver and an Injunction until the final hearing. The Receiver was appointed and Injunction granted upon an interlocutory motion. The final hearing has not yet been had; and the question of costs and further directions is expressly reserved until the final hearing. How this can be regarded as a final decree, under the rulings in this State, I am at a loss to conceive.—(See 2 *Doug. Mich.* 288; 6 *Mich.* 391; 10 *Id.* 398.)

I think the motion should be granted.