## CRENSHAW Y. TAYLOR.

1. **Practice:** AFFIDAVIT FOR WRIT OF ERROR: SIGNATURE OF AFFIANT. An affidavit is a written declaration under oath, signed by the affiant; and where an affidavit on which a writ of error was issued (Code, § 3598) was not so signed, a motion to strike it from the files should have been sustained.

2. **Appeal:** LESS THAN $100: WHAT NOT CONSIDERED. Questions certified for the determination of this court will not be considered when they do not properly arise upon the record.

*Appeal from Harrison Circuit Court.*

THURSDAY, DECEMBER 16.

THE facts are stated in the opinion.

*J. H. Smith,* for appellant.

*S. H. Cochran,* for appellee.

SEEVERS, J.—A judgment was rendered by a justice of the peace against the plaintiff. For the purpose of obtaining a writ of error, there was filed in the office of the clerk of the circuit court a paper or writing, the material portion of which is as follows:

"*State of Iowa, Harrison County:* I, E. Crenshaw, being duly sworn, depose and say    *    *    * Wherefore asks that the clerk    *    *    *    issue," etc.

"Subscribed and sworn to by E. Crenshaw, in my presence, this twelfth day of April, 1885.      W. MORRELL, J. P."

Upon filing said paper the writ was issued. The defendant moved the court to strike it from the files on the ground that it was not signed by the affiant, and therefore does not comply with section 3598 of the Code. The motion was overruled. The defendant appeals, and we are asked, in substance, by the circuit court, to determine whether the paper can be regarded as the affidavit required by law. Section 3598 of

the Code provides that the "basis of the proceedings" to obtain a writ of error "is an affidavit," which is defined to be "a written declaration under oath." Code, § 3689. The statute does not require the affidavit to be signed; .but it is defined to be a written declaration under oath. This, it seems to us, clearly implies that it should be signed by the affiant. Webster defines an affidavit to be a written statement or declaration under oath, signed by the affiant; and that this is the statutory meaning there can be no doubt. Therefore the paper filed with the clerk is not the affidavit required by law, and the first question asked by the court must be answered in the negative, and to this extent the motion should have been sustained.

We are also asked to determine whether the right to amend existed; but, as no offer of this kind was made, such question does not properly arise on the record before us.

REVERSED.