Barhydt & Co. v. Alexander & Co.

-----

T. W. BARHYDT & COMPANY, Plaintiffs in Error, v. G. N. ALEXANDER & COMPANY, Defendants in Error.

Kansas City Court of Appeals, November 5, 1894.

1. **Definitions**: AFFIDAVIT. An affidavit means an oath or affirmation reduced to writing, sworn or affirmed before some officer who has authority to administer oaths.

2. **Affidavit**: JURAT: IOWA STATUTE. A jurat set out in the opinion conforms to the requirement of the Iowa statute.

3. **Notaries Public**: IOWA STATUTE: JURISDICTION. In the state of Iowa, as in Missouri, a notary public's jurisdiction is confined to the county for which he is appointed.

4. ———: ———: SEALS: JUDICIAL NOTICE. Courts will take judicial notice of the seals of notaries public since they are officers recognized by the commercial law of the world.

5. ———: ———: VENUE: PRESUMPTION. The venue is an essential of every affidavit and *prima facie* evidence of the place where it is taken; and its omission is fatal since no presumption arises that it was made within the state when no place is mentioned.

6. **Iowa**: COMMON LAW: STATUTES. Iowa is within the Louisiana purchase and was never subject to the common law of England, and when the statutes of that state are not in evidence in the courts of this, the presumption is the statutes of that state are the same as this.

7. **Justices' Courts:** REVIVING JUDGMENT: AFFIDAVIT: JURISDICTION: AMENDMENT. An affidavit filed before a justice of the peace to revive a judgment, which has no venue, is insufficient to authorize the justice to issue a citation, since the jurisdiction of courts of limited and inferior powers must somewhere appear on the face of the proceedings; and this want of jurisdiction can not be cured by the amendment in the circuit court.

*Error to the Livingston Circuit Court.*—HON. E. J. BROADDUS, Judge.

AFFIRMED.

*Miller Bros.* for plaintiffs in error.

(1) The affidavit for the revival of the judgment is sufficient and in a strict compliance with section 6291, Revised Statutes, 1889. Said affidavit is sufficiently authenticated by signature and seal. *Young v. Rollins*, 85 N. C. 485; *Tucker v. Ladd*, 4 Cowan, 47. Affidavit made in the United States can be used in Missouri. Ency. of Law, page 768. The notary will be presumed to have authority. 77 Mich. 265. The courts will take judicial notice of the seals of notaries public for they are officers recognized by the commercial law of the world. *Pierce v. Indseth*, 106 U. S. 549; Greenleaf on Evidence, sec. 5; Story on Bills, sec. 277; *Tucker v. Ladd*, 4 Cowan, 47. (2) The certificate of the notary was in due form and the seal was in strict compliance with the Iowa law. *Stoddard v. Sloan*, 65 Iowa, 680; Code of Iowa, 1873, secs. 258, 259. It is well settled that courts take notice of the seals of notaries. *Yeaton v. Fry*, 5 Cranch, 335; *Chanonie v. Fowler*, 3 Wendell, 173; *Porter v. Judson*, 1 Gray, 175. (3) The amended affidavit was regular and sufficient; such amendment could be filed and the court should have overruled defendants' objection. *Stewart v. Cabanne*, 16 Mo. App. 517; *Mitchell v. Railroad*, 82

Mo. 108; R. S. 1889, sec. 6340; *Henderson v. Drace*, 30 Mo. 358. (4) This court has held that the power of amendment in the circuit court appealed from justice extends even to jurisdictional facts. *Vaughn v. Railroad*, 17 Mo. App. 8; *Branable v. Watson*, 11 Mo. App. 587. The objection to said affidavit was not properly taken. Motion to strike from the files, would have been the proper procedure.

*W. C. Samuel* for defendants in error.

(1) There was no affidavit filed before M. W. Stone, justice of the peace, as the law required under the statute. R. S. 1889, sec. 6291. The paper filed was not an affidavit and under it the justice had no jurisdiction to revive the pretended judgment. It was not subscribed and sworn to before an officer who had authority to administer an oath. *Shelton v. Berry*, 70 Am. Dec. 326, and authorities cited. It was absolutely void as an affidavit. It does not show the county and state in which it was made. (2) A notary only has power to act in his county in the state of Iowa. Sec. 277, page 601, McClain's Annotated Statutes of Iowa, 1880. Without a venue an affidavit is a nullity. The venue should show that it was taken in the officer's jurisdiction. 1 Am. and Eng. Encyclopedia of Law, bottom of page 311, note 1, and authority cited, and letter B; Venue, top of page. (3) The jurisdiction of a notary is local and he can only act in the county or district for which he is appointed and commissioned.· 16 Am. and Eng. Encyclopedia of Law, sec. 4, bottom of page 756. The signature of a notary to a certificate of acknowledgment must show the county for which he is appointed. *Willard v. Creamer*, 36 Iowa, 22. (4) The general rule as to notary seals outside of the state or county of the officer using it is that it must be proved

before it can be accepted as the seal it purports to be. 16 Am. and Eng. Encyclopedia of Law, sec. 5, p. 757. (5) An affidavit taken out of the jurisdiction of the court can not be recognized, unless the authority and official character of the officer are authenticated. 16 Am. and Eng. Encyclopedia of Law, sec 2, bottom of p. 768. (6) The filing of the affidavit is the foundation of the justice's jurisdiction to revive a judgment, and unless it appears that a good and valid affidavit was filed before the justice he acquired no jurisdiction to cite defendants to appear before him to show cause why said pretended judgment should not be revived. And the circuit court acquired no jurisdiction by appeal, therefore no amended or original affidavit could be filed in the circuit court. *Ins. Co. v. Foster*, 56 Mo. App. 197; *Haggard v. Railroad*, 56 Mo. 392; *Gast v. Loring*, 60 Mo. 487. (7) There is a marked distinction between this case and the cases in 17 Mo. App. 8, and 11 Mo. App. 587, referred to by plaintiff's attorney in his brief, as to the power of the circuit court to amend on appeal as to jurisdictional facts. The jurisdiction must appear on the face of the papers and unless it does so appear the justice had no jurisdiction, neither did the circuit court acquire jurisdiction by appeal.

SMITH, P. J.—This was an action brought before a justice of the peace to revive a judgment. The cause was taken to the circuit court by appeal where on the trial anew the plaintiffs offered to read what purported to be the affidavit of H. A. Brown—one of the plaintiffs—which had been filed before the justice of the peace by whom the judgment had been rendered which it was sought to revive. This affidavit the court refused, on the objection of defendants, to permit the plaintiffs to read. It set forth every essential fact required by

section 6291, Revised Statutes and there can be no valid objection to it on that account. But the defendants contend that it is no affidavit in fact, for the reason that it does not appear from the jurat thereto that it was sworn to before an officer who had authority to administer an oath. The jurat is in these words: "Subscribed and sworn to before me this —— day of August, 1891. H. J. Hungerford, notary public. My commission expires July 4, 1894." There is attached a notarial seal with the words therein inscribed, "A. J. Hungerford, Iowa." In practice an affidavit means "an oath or affirmation reduced to writing, sworn or affirmed before some officer who has authority to administer it." Bouv. Law Dict., tit., Affidavit; *Shelton v. Berry*, 19 Tex. 154; *Wyatt v. Jeffries*, 43 Tex. 155. The notarial seal authenticating the jurat conforms to the requirement of the statute of Iowa, which was offered in evidence. Iowa Code, 1873, secs. 258, 259.

The affidavit does not purport to have been made in any county of any state, nor does it appear from the jurat that Hungerford subscribed his name as a notary public of any particular county. The statute of Iowa, already referred to, provides that the governor may appoint one or more notaries public for each county. Our attention has been called to no statute of that state which authorizes a notary public to perform an act as such, except in the county for which he was appointed. It seems that a notary public of that state can perform no act as such without the county for which he was appointed, his jurisdiction being local. *Stoddard v. Sloan*, 65 Iowa, 680. We are aware that in a large number of the states of the union he may act throughout the state and is not confined to his own county. 2 Am. and Eng. Encyclopedia of Law, 756, note 4. But it is otherwise in the states of Iowa and Missouri, where the statutes of each in relation to the appoint-

ment of notaries public are substantially the same.

It was said by the supreme court of the United States in *Pierce v. Indseth*, 106 U. S. 549, that courts will take judicial notice of the seals of notaries public, for they are officers recognized by the commercial law of the world. Under this rule we can take notice of the seal to the jurat in question, by which it appears that Hungerford was a notary public within the state of Iowa, but for what county it does not appear, nor is there anything stated in the affidavit, jurat, or inscribed in the seal, from which we can so much as even infer in what particular county he was a notary public at the time the statement, purporting to be an affidavit, was subscribed and sworn to before him. The statement of the venue is an essential part of every affidavit and *prima facie* evidence of the place where it is taken, and its omission is fatal. *Lane v. Morse*, 6 How. Pr. 394; *Cook v. Staata*, 18 Barb. 407.

An affidavit should show upon its face that it was made before an officer competent to take affidavits, and within some place where he was authorized by law to administer an oath. No presumption arises that an affidavit has been made at any particular place within the state nor that it was made within the limits of the state when no place is mentioned. *Lane v. Morse, supra.*

It results, therefore, that, by taking judicial notice of Hungerford's notarial seal, we can see that he had been appointed a notary public by the governor of the state of Iowa. From his statement as notary, subjoined to the jurat, the date when his commission expired is made to appear. By reference to the jurat statement and the Iowa statute offered in evidence, it also appears that he was a notary public at the date the affidavit was made before him. So, that while all of these facts

sufficiently appear, it is nowhere further shown for what county he was appointed a notary public, nor that the affidavit was made in any particular county. *Parker v. Barker*, 8 Paige, 428.

Now, while we may presume, for the reasons already stated, that he was authorized as a notary public by the statute of the state of his appointment to administer oaths, we can not presume that he was appointed for a particular county and that the affidavit was made before him in that county. We might possibly presume that the affidavit was made before him in the state, but since his jurisdiction was local and not co-extensive with the limits of the state, this would not help the affidavit. Since the venue of the affidavit nowhere affirmatively appears, this omission can not be supplied by presumption. Tested by these rules, it seems clear to us that the paper purporting to be the affidavit of Brown, which was filed before the justice of the peace and upon which that officer issued the citation for defendants, was in legal contemplation, no affidavits at all—*nil*.

The territory embraced within the limits of the state of Iowa is a part of the Louisiana purchase, and, therefore, was never subject to the common law of England, and since the statute of Iowa defining the powers of notaries public was not introduced in evidence, we may presume that the statute of that state on the subject is the same as that of this state. *White v. Chaney*, 20 Mo. App. 389; *Silver v. Railroad*, 21 Mo. App. 5; *Plato v. Mulhall*, 72 Mo. 525; *Sloan v. Toory*, 78 Mo. 625.

A notary public, under the statutes of this state, is authorized to administer oaths. R. S., sec. 7108. *State v. Boland*, 12 Mo. App. 74.

It follows that the trial court did not err in refusing to receive the affidavit offered by the plaintiffs.

The supposed affidavit, being no affidavit, was insufficient to authorize the justice to issue, as he did, a citation for defendants. Until the statutable affidavit was filed before the justice he was without jurisdiction to issue the citation.

The rule is that the jurisdiction of courts of limited and inferior powers must somewhere appear on the face of the proceedings, otherwise their acts are void. Here it nowhere appears that the affidavit required by the statute was filed before the justice in the first instance. This, as we think, was necessary to confer jurisdiction. And as there was an absence of jurisdiction in the justice, there could be none in the circuit court. The amended statement filed in the circuit court could not supply the defect and could not confer jurisdiction where none existed before. *Haggard v. Railroad*, 63 Mo. 302; *Barrett v. Railroad*, 68 Mo. 56; *Rohland v. Railroad*, 89 Mo. 180; *Karnes v. Alexander*, 92 Mo. 660.

In this view of the case it becomes unnecessary to notice other points discussed in the briefs of counsel.

The judgment of the circuit court, which was for the defendants and from which plaintiffs have appealed, will be affirmed. All concur.