MINCER *v.* WAYNE CIRCUIT JUDGE.

1. EQUITY—PRACTICE—MANDAMUS—DIVORCE—ALIMONY — SUPPLE-MENTARY DECREE.

A petition in proceedings for divorce in the Wayne circuit court in chancery, to determine the question of alimony, after the entry of a decree and the postponement by mutual consent of the question of the amount to be paid by the defendant husband to petitioner, should be brought on before the judge that heard the original cause.

2. SAME.

Mandamus will not lie to compel the judge who presides in chancery in Wayne county to hear such petition for alimony, and to enter a decree in the nature of a supplemental decree, determining the amount to be paid by the husband, when the testimony in the cause was heard by another of the judges.

Mandamus by Jennie Mincer to compel Morse Rohnert, one of the Wayne circuit judges, to set aside an order dismissing without prejudice a petition of relator to determine the amount of alimony to which she might be entitled in divorce proceedings. Submitted November 15, 1910. ( Calendar No. 24,019.) Writ denied December 7, 1910.

*Sloman & Sloman,* for relator.

*Friedman & Smilansky,* for respondent.

PER CURIAM. Relator asks for a mandamus to compel Hon. Morse Rohnert, one of the circuit judges for Wayne county, to vacate and set aside a certain order made by him, sitting in chancery, denying her petition to inquire into the financial circumstances of Sol. Mincer, and to fix the amount of permanent alimony to be decreed her in the case of petitioner against said Sol. Mincer, wherein a decree of divorce had theretofore been granted to her, reserving the matter of fixing such alimony for future determination.

It appears from the petition, and the answer of respondent, that the divorce case was heard before Hon. Henry A. Mandell, March 22, 1909, and the decree mentioned granted; that complainant "consented that the matter of permanent alimony be deferred as provided in said decree, because of the representations of the defendant made at the time, that he was in helpless financial circumstances;" that this petition was filed about one year thereafter, and came on to be heard upon petition' and answer before respondent March 11, 1910, when the order complained of was made, denying the prayer of the petition, without prejudice. In this proceeding petitioner urges that mandamus should be granted, because the denial of the relator's petition by respondent was "arbitrary, unjust, an abuse of discretion, and against her just rights." Respondent makes full answer and return to the order to show cause, from which answer it appears that there were

many allegations in the petition for mandamus of which he had no knowledge whatever; that he suggested the matter ought to be heard by the judge who entered the original decree of divorce and knew more about the facts than respondent; that this suggestion was not acted upon and the hearing was had; that after argument respondent "dismissed the petition without prejudice to filing another one."

This proceeding in the circuit court to determine permanent alimony, as provided for by the decree, was a proper one to be heard before the judge who had heard and determined the case. As suggested by respondent, such judge was familiar with the facts in the case. This was not an incidental or formal proceeding. The evidence had been heard in the case, and now, by the terms of the decree, further evidence was to be submitted upon the question of permanent alimony, which necessarily required a supplemental or amended decree. The suggestion of respondent should have been followed, which, as we understand, is in accord with the practice in Wayne county, where the circuit court is presided over by six judges.

Whether the respondent gave other reasons for his action is not material. His conclusion was correct. His order does not deprive petitioner of an adequate remedy. It was made without prejudice to filing another petition, and the remedy has been open in this case to file such petition and bring the matter before the proper judge at any time.

The writ is denied, without costs.