## ORRIN ROBERTSON, Appellant, v. ESTHER ROBERTSON, Respondent.

Springfield Court of Appeals, February 10, 1914.

1. APPELLATE PRACTICE: Abstract of Record: What Sufficient to Obtain Review. An abstract of the record proper which sets forth the pleadings and judgment is sufficient to obtain a review of the record proper.

2. ——: ——: Divorce. In an action for divorce where the abstract of record showed that a petition was filed January

2, that summons issued returnable to the February term, and the copy of the judgment is shown, this is sufficient to show that the cause was tried at a term of court.

3 ————: **Matters of Exception: Abstract of Bill of Exceptions.** Matters of exception are to be contained in the abstract of the bill of exceptions and not in the abstract of the record proper.

4. **APPEAL AND ERROR: Motion for New Trial: Court Rule.** Under Court Rule 15 if the abstract of the bill of exceptions shows the filing of a motion for new trial the abstract will be deemed sufficient.

5. **APPELLATE PRACTICE: Record, Abstract of: Rule of Court.** Although the abstract of the record proper fails to show the filing of a motion for new trial, its disposition, and that exceptions were taken to the overruling thereof, under Court Rule 15 consideration will be given the abstract if the above matters are shown by the bill of exceptions, unless the motion of the respondent to dismiss specifically alleges that a motion for a new trial was not filed or overruled.

6. **APPELLATE PRACTICE: Abstracts of Record: Court Rule as to Sufficiency.** Under Court Rule 15 if there is any statement, even in the abstract of the bill of exceptions, that the bill of exceptions was signed, sealed, filed and made a part of the record at the proper time and in the proper manner, the abstract will be deemed sufficient as to such matters. And motions challenging the sufficiency of the abstract in such matters must specifically allege that such steps were not taken or were not taken in proper time or manner.

7. **APPELLATE PRACTICE: Abstract of Record: Court Rule as to Sufficiency.** Under Court Rule 32 when appellant has filed in the appellate court a certified copy of the order granting an appeal, he need not abstract the record entries showing the steps taken below to perfect such appeal; but if the abstract states the appeal was taken it will be presumed that the proper steps were taken at the proper time, absent a record by respondent showing the contrary.

8. ————: **Matters not in the Abstract not Considered.** Where appellant fails to include in his abstract documentary evidence which he claims the trial court erred in excluding, he will not be heard to complain of such exclusion by the trial court but such failure does not warrant a dismissal of his appeal.

9. ————: **Briefs: Discretion of Court Concerning.** Under Court Rule 18 it is discretionary with the court whether or not it will disregard a party's brief, where the provisions concerning same have been substantially complied with.

10. ———: **Abstracts: Supplemental Abstracts.** The appellate court will not consider a supplemental abstract containing entries omitted from the original, where the only excuse therefor was that the printer, to whom the attorney delivered the record to prepare the abstract, failed to include all of the entries therein.

11. **DIVORCE: Petition: Affidavit Essential: Jurisdiction.** The affidavit accompanying the petition for divorce is absolutely essential and the court acquires no jurisdiction of the cause without it.

12. **APPELLATE PRACTICE: Jurisdictional Questions: Considered Regardless of Exceptions.** Jurisdictional questions will be considered by the appellate court *sua sponte.*

13. **DIVORCE: Nature of Interest of Public.** Divorce is a creature of statutory enactment and the statutory requirements are for the benefit of society and not the parties thereto. The public, as well as the plaintiff and defendant, is a party to the action.

14. ———: **Affidavit: Signature Essential.** An affidavit which accompanies a divorce petition must be signed by the complainant, otherwise no jurisdiction of the case is obtained.

Appeal from Jasper County Circuit Court, Division No. Two.—*Hon. David E. Blair,* Judge.

REVERSED AND REMANDED (*with directions*). CERTIFIED TO THE SUPREME COURT.

*C. W. Bigger* for appellant.

(1) The court acquired no jurisdiction of the cause of defendant for the reason the petition was not accompanied by an affidavit such as required by section 2371, R. S. 1909, it was signed by no one. Loveless v. Hinkle, 204 Mo. 208; Hargadan v. Van Horn, 72 Mo. 370; Norman v. Horn, 36 Mo. App. 424; Third National Bank of Sedalia v. Garton, 40 Mo. App. 120. (2) This action is in the fullest extent and meaning, an action *in rem* and the judgment sought to be set aside is the *res* and the only court that could have jurisdiction of this action is the one in which the said judgment was rendered. Beyer v. Trust Company, 63 Mo.

App. 527.   (3)   A court of equity, can set aside its decrees for divorce when the facts warrant it.   Dorrance v. Dorrance, 242 Mo. 625.

*Griffin & Orr* and *R. M. Sheppard* for respondent.

(1)   Appellant's abstract of record contains only the petition, answer and judgment.   It does not show that this cause was ever tried at a term of court.   Such an abstract is fatally defective.   Floyd v. Modern Woodmen, 137 S. W. 12.   (2)   It does not show the filing of a motion for new trial or any exceptions to the action of the court thereon.   These must be shown. Donnovant et al. v. Rinn, 156 S. W. 64; Keaton v. Weber, 233 Mo. 691.   (3)   It does not state that a bill of exceptions was duly filed or show any record entry concerning the same either by leave of court or otherwise.   Donnovant v. Rinn, 156 S. W. 64; Dalton v. Register, 154 S. W. 67; Recar v. Recar, 154 S. W. 423.   (4)   It does not state that an appeal was duly taken.   It makes no mention of an appeal.   An abstract of record must show that the order granting the appeal was made of record.   Keaton v. Weber, 233 Mo. 691; Floyd v. Modern Woodmen, 137 S. W. 12; Rule 32 of this court; Flannagan Milling Co. v. St. Louis, 222 Mo. 306.   (5)   Rule 15 of this court requires that documentary evidence which a party claims was wrongfully excluded must be set out in full.   This was not done and appellant's brief does not comply with court rule 18.   (6)   A motion for a new trial must definitely set out the reasons therefor so as to direct the attention of the trial court to the precise error of which complaint is made.   Aultman & Taylor Mchy. Co. v. Organ, 149 Mo. App. 102; Canaday v. Mellette, 155 S. W. 476.   (7)   Appellant can raise no question here save and except that presented in his motion for new trial.   Dazey v. Elvin, 153 Mo. App. 435.   (8)   In the

178 Mo. App. 31

absence of a rule of court or statute requiring it, if affiant's name appears in an affidavit as the person who took the oath, the subscription to it by affiant is not necessary.   Bouvier Law Dictionary-Title-Affidavit; 1 Ency. Pl. & Pr. p. 313; Anderson Law Dictionary-Title-Affidavit; State v. Headrick, 149 Mo. 403; Smith v. Benton, 15 Mo. 371; Launius v. Coe, 51 Mo. 147; Laswell v. Church, 46 Mo. 279; 36 Cyc. 449; Moss v. Booth, 34 Mo. 316; Schmidt v. Schmaelter, 45 Mo. 502; State v. Wilcox, 59 Mo. 176.

FARRINGTON, J.—This action is designed to accomplish the annulment of a decree of divorce granted Esther Robertson by the circuit court of Jasper county, Missouri, at its February term, 1911, and is based on charges of fraud in the procurement thereof.

Plaintiff's petition herein alleges that in 1908 Esther Robertson was unsuccessful in a divorce suit against plaintiff in the circuit court of Jackson county, Missouri, and that in 1909, in the same county in a second action for divorce against plaintiff, after the court had heard the evidence and intimated that the petition would be dismissed, a nonsuit with leave was taken, and that she then went to Jasper county and obtained in 1911 the decree of divorce which is sought to be set aside in this action.

Plaintiff in the petition herein avers that service in the divorce action in question was made on him by publication which did not come to his attention until after the expiration of the term of court at which the decree was rendered, and that he had good and meritorious defenses to said action, setting them forth with the allegation that the divorce court had no jurisdiction of the parties or subject-matter.

Respondent, on October 30, 1913, having on October 25, 1913, given appellant notice of his intention to file a motion to dismiss this appeal accompanied by a copy of said motion as required by our Rule 25, filed

the same in printed form supported by a brief. Numerous grounds for dismissal are urged and respondent's counsel in oral argument insisted that the appeal be dismissed. In many of respondent's contentions no heed seems to have been paid to our Rule 15 which was intended to simplify appellate procedure and yet maintain an orderly system so that neither the respondent nor the appellate court would be imposed on. Had this appeal been presented before the amendment of that rule, respondent would readily have escaped a review of the controversy in this court.

As the first ground for dismissal of the appeal, respondent states that appellant's pretended abstract of the record does not contain any abstract of the court proceedings other than the pleadings in the cause and a copy of the judgment, and that it does not show that the cause was ever tried at a term of court. If it were true that the abstract of the record proper merely set forth the pleadings and judgment, the motion to dismiss the appeal would be overruled because there would be sufficient to obtain a review of the record proper. We do not say that we are limited to a review of the record proper because our Rule 15 enables an appellant to slip through many tight places, as this opinion will demonstrate. As to the contention that the abstract of the record does not show that the cause was ever tried at a term of court, it does show that the petition was filed on January 2, 1913, and that summons issued returnable to the February term, 1913, and there is also this statement: "March 24, 1913, during said February term of court" followed by a copy of the judgment which recites that a trial was had, etc. We think this was sufficient.

It is insisted as ground for dismissal that the abstract of the record proper "does not show the filing of a motion for a new trial, nor that the same was passed upon, nor any exceptions to the action of the court in overruling the motion for new trial. It

nowhere mentions such a motion." This is true. The insistance that it does not show "any exceptions to the action of the court in overruling the motion for new trial" is novel. Our understanding has always been that matters of exception are to be looked for in the abstract of the bill of exceptions. As to the failure of the abstract of the record proper to show the filing of a motion for a new trial, we point to Rule 15, the effect of which is that if the abstract of the bill of exceptions shows the filing of a motion for a new trial, the abstract will be deemed sufficient. As to the failure of the abstract of the record proper to show the overruling of the motion for a new trial, this is always required to be stated in the abstract of the bill of exceptions, and since by our written rule we have said we will look to the abstract of the bill of exceptions for a showing that a motion for new trial was *filed*, manifestly we should not refuse to look there for an entry of no greater importance. Respondent does not for a moment contend that a motion for a new trial was not filed or was not overruled. In fact, the abstract of the bill of exceptions shows that one was filed and overruled during the term at which the trial was had, and that exception was saved.

It is claimed that the abstract of the record proper "does not state that a bill of exceptions was duly filed or show any record entry concerning the same by leave of court or otherwise." This is true. Rule 15 provides that if there is—even in the abstract of the bill of exceptions—any statement that the bill of exceptions was signed, sealed and filed and made a part of the record at the proper time and in the proper manner, the abstract will be deemed sufficient as to such matters, and that in motions challenging the sufficiency of the abstract as to such matters, it will not be a sufficient objection to state that the abstract does not show such steps were taken in proper time or in a proper manner, but that the motion must specifically

allege that as a matter of fact such steps were not taken at all, or not in proper time or in proper manner, as the case may be, and that thereupon the appellate court will determine the matter. Respondent does not contend that a bill of exceptions was not filed, signed and made a part of the record. In fact, the abstract of the bill of exceptions shows that a bill of exceptions was signed, filed and made a part of the record. Rule 32 is not opposed to Rule 15 in this particular.

It is insisted that the abstract of the record proper does not state that an appeal was duly taken, and makes no mention of an appeal. After the abstract of the bill of exceptions is concluded, we find this statement which has the earmark of a record entry: ''Now comes the plaintiff and files herein his affidavit for an appeal in this cause, and said affidavit, being by the court examined and deemed sufficient, an appeal in this cause is allowed to the Springfield Court of Appeals.'' True, it is out of place. But Rule 32 provides that when an appellant, as in this case, has filed in this court a certified copy of the order granting an appeal, he need not abstract the record entries showing the steps taken below to perfect such appeal, and that if the abstract states the appeal was duly taken, then absent a record showing to the contrary, by respondent, it will be presumed the proper steps were taken at the proper time and term. This abstract contains such a statement, and respondent makes no showing to the contrary. In our clerk's office is a certified copy of the order granting the appeal. Respondent does not contend that the appeal was not duly taken.

It is insisted as ground for dismissal that appellant has not complied with Rule 15 with reference to documentary evidence which *appellant* claims was wrongfully *excluded* by the court. A sufficient answer to this is that since appellant failed to include the documentary evidence in his abstract which evidence *appellant* claimed the trial court erred in *excluding*, he

would not be heard to complain of the action of the trial court in that respect. It is not contended by respondent that the excluded documentary evidence was favorable to her.

Next in order: ''Appellant has not in his so-called brief complied with Rule 18 of this court in that he has not set out separate and apart from the argument or discussion of authorities a statement in numerical order of the points relied upon together with citation of authorities appropriate under each point. Wherefore we ask the court to disregard said alleged brief.'' There are three divisions in appellant's brief. First is an assignment of error, in numerical order, and they are numbered. The statute requiring an assignment of errors has been repealed. Second is a statement of the points relied upon together with citation of authorities appropriate under each point, but the paragraphs are not numbered. This is followed by the argument. We think there is a substantial compliance with the rule, and whether or not we will disregard a party's brief is discretionary under the terms of the rule.

After respondent had served and filed the motion to dismiss and a printed brief in support thereof, appellant on November 1, 1913, filed in this court a motion for leave to file a supplemental abstract, and accompanying his motion was a typewritten supplement to his abstract. Respondent was properly served with a copy. The only reason stated by appellant in his motion why the matter contained in the proffered typewritten supplement was not included in his printed abstract is that the manuscript was furnished the printer, but that through some misunderstanding, the printer omitted to copy certain record entries in the abstract of the record proper. The practice of allowing printers to prepare abstracts for the appellate court cannot be too severely condemned. With every volume of the reports crying aloud the perils of such loose

practice, it seems almost incredible that in this form it should continue even among a few. We will not permit the supplemental abstract to be filed. We hold, as did the Kansas City Court of Appeals in the case of Woodward v. Insurance Co., 156 Mo. App. l. c. 246, 137 S. W. 638, that the omission of the printer is not a sufficient excuse. Appellant files with his motion an affidavit to the effect that he knew the printer was experienced in this line of work, and that he therefore took it for granted that the printer had properly prepared his abstract and did not see the omissions until after the abstract was filed in this court. As stated in the case last cited, it is the business of counsel to examine documents before filing them in court. Having selected a printer to prepare his abstract, appellant must answer for him.

But appellant's abstract is not as disorderly as may be thought; severe criticism often produces belief that the thing criticised is inherently bad. The things we need to know about this case are found in appellant's abstract, such as the petition, answer, evidence, judgment, motion for new trial—all set out in full. Appellant stands in this court in about the same position as that occupied by numerous appellants at every term, and if counsel for respondent in every case presented to the higher courts of Missouri were to insist upon a sparring match as preliminary to the main bout, no substantial progress would be made in the settlement of the controversies which the litigants— not the lawyers—have brought to court.

The main point relied on by appellant for reversal is jurisdictional. It goes to the sufficiency of the affidavit accompanying respondent's petition for divorce. It has been held that this is matter of substance, and that the divorce court acquires no jurisdiction of the cause without it. [Hinkle v. Lovelace, 204 Mo. l. c. 227, 102 S. W. 1015.] Hence the jurisdictional question is such that we would consider it *sua sponte*.

However, it was raised in the petition herein, being set forth as one of the defenses which plaintiff herein claims he had to the divorce action. The petition and affidavit in the divorce suit were set forth in the petition herein and were introduced in evidence at the trial, so that no change of front is attempted here by reliance on the point. Respondent has filed a brief on the merits in which careful consideration is given to this question.

Divorce is the creature of statutory enactment. There are three parties to the action—the plaintiff, the defendant, and the public. [Moore v. Moore, 41 Mo. App. 176.] The requirements of the statute are for the benefit of society, and not for the benefit of the parties. [Hinkle v. Lovelace, supra, l. c. 225.] The statute (Sec. 2371, R. S. 1909) requires that the petition for divorce be accompanied by an *affidavit* annexed thereto containing certain facts. "In order, as near as possible, to guard against any evasion of the law, great particularity is required in the oath complying with the direction of the statute—a mandatory statute—giving the right to bring an action for divorce only on strict compliance with conditions." [Stevens v. Stevens, 170 Mo. App. l. c. 324, 156 S. W. 68.]

Respondent signed the petition in the divorce action. Accompanying the petition was a form of affidavit, setting forth the facts required by the statute to be set forth in the affidavit. Following this is the jurat. Indeed, the affidavit is regular except that *it is not signed by anybody.* The statute requires an "affidavit," and it therefore becomes important to ascertain whether our courts have defined that word.

In the case of Hargadine v. Van Horn, 72 Mo. 370, reading both the opinion and the dissenting opinion, it is clear that there was a mere form of affidavit, with a jurat attached signed by the officer administering the oath, just as in our case, and that the person taking the oath did not sign. The court held it was no affi-

davit. In the case of Norman v. Horn, 36 Mo. App.
l. c. 424, an affidavit is defined. The court said: "An
affidavit is a written statement or declaration sworn
to before some officer authorized by law to administer
oaths, and *signed* at the end by the *affiant or depon-
ent.*" The Kansas City Court of Appeals approved that
definition in the case of The Third National Bank of
Sedalia v. Garton, 40 Mo. App. l. c. 120. Upon these
authorities we hold that the paper attached to the
divorce petition was not an *affidavit.* The principle
laid down in the Van Horn case, supra, is followed in
the recent case of Purcell v. Merrick, 172 Mo. App.
412, 158 S. W. 476. Our courts do not stand alone in
holding that an affidavit must be signed by the affiant.
[Witness: Anderson v. Cochran, 93 Tex. 583, 57 S. W.
29; Crenshaw v. Taylor, 70 Iowa, 386, 30 N. W. 647;
Meadows v. Alexander, 1 Ga. App. 40, 57 S. W. 901.]

The authorities cited in this opinion to the effect
that the affidavit accompanying the divorce petition
is a matter of substance and that the divorce court
acquires no jurisdiction without it, read in connection
with the statute and the decisions defining the word
"affidavit," make it apparent that the decree of the
divorce court was *coram non judice.* There is sound
reason for holding that an affidavit which accompanies
a divorce petition must be signed by the complaining
spouse. The public is immeasurably concerned with
every divorce suit and it is important, lest disrespect
for the law be engendered, that the standard prescribed
by legislative enactment be strictly met by one seeking
this extraordinary remedy. Personal service of pro-
cess is not had on the defendant in a large percentage
of divorce actions. In the case under consideration
the petition in the divorce action alleged that defend-
ant therein was a nonresident of this State, and con-
structive service was made. The affidavit required to
be annexed to the divorce petition is not merely a
verification of the facts set forth in the pleading; it

is itself a solemn affirmation of certain facts which are deemed of such importance that they are enumerated by statute and are required to be in the affidavit. Thus is the plaintiff made to stand before the court in a position of verity—in the most satisfactory way known to our system of jurisprudence.

The judgment is reversed and the cause remanded with directions to the circuit court to enter a judgment for plaintiff in this action declaring void its judgment in the divorce suit of Esther Robertson, Plaintiff, v. Orrin Robertson, Defendant. *Sturgis, J.,* concurs. *Robertson, P. J.,* dissents in a separate opinion.

## DISSENTING OPINION.

ROBERTSON, P. J.—The affidavit accompanying the petition in the divorce case immediately follows the plaintiff's signature thereto and is in form and substance as follows:

"State of Missouri,  } ss.
County of Jasper.   }

On this 16th day of December, 1910, before me, the undersigned Notary Public within and for Jasper county, Missouri, personally appeared Esther Robertson, to me known to be the person described in and who executed the above and foregoing petition, who being by me duly sworn on her oath did say that she is plaintiff in the above entitled action and that the facts in the foregoing petition are true according to her best knowledge and belief, and that the complaint is not made 'out of levity or by collusion, fear or restraint between the plaintiff and defendant for the mere purpose of being separated from each other, but in sincerity and truth for the causes mentioned in the petition.

In testimony whereof I have hereunto set my hand and affixed my notarial seal, at my office in Joplin, Mo., this 16th day of December, 1910.

BEATRICE L. WHITE,

Notary Public Jasper county, Missouri.

My commission expires February 28, 1914.''

To my mind no avenue is opened or widened to the divorce court, nor a greater opportunity offered for the perpetration of fraud, by the holding I think should prevail in this case, that is, that the oath, which is preceded immediately by the signature of the plaintiff and deponent, meets the requirements of the statute, providing that a petition for a divorce shall be accompanied by an affidavit setting out certain facts, in that the oath is reduced to writing and is verified and authenticated by the official certificate of the notary public. The object and purpose of the affidavit is, in my opinion, accomplished when the oath required is reduced to writing and so verified as to remove all doubts as to its genuineness.

I do not believe that there should be a rule of law established in this state that necessitates children being declared illegitimate, that requires the readjustment of property rights, or that permits perjuries to escape simply because a name is not subscribed to an oath which is reduced to writing and otherwise so authenticated as to leave no doubt as to what facts are sworn to and as to who made the affidavit.

In the case at bar there appears to be no innocent third parties to suffer, and possibly no innocent litigants, but we are establishing an inflexible rule for future guidance, and, deeming the majority opinion in conflict with the decision of the Supreme Court in the case of State v. Headrick, 149 Mo. 396, 403, 51 S. W. 99, which does not include within the definition of an affidavit the signature thereto as an essential element, I ask that this case be certified to the Supreme Court. The holding of the majority in the case at

bar is also, in my opinion, in conflict with the decision of the Kansas City Court of Appeals in the case of Barhydt & Co. v. Alexander & Co., 59 Mo. App. 188, 192, wherein it is held that an affidavit is an oath or affirmation reduced to writing, sworn to or affirmed before some officer who has authority to administer an oath; thus eliminating from the essential parts of an affidavit the signature of the affiant.

PER CURIAM.—Upon the request of ROBERT-SON, P. J., that this cause be certified to the Supreme Court because the majority opinion is by him deemed contrary to the decision of the Supreme Court in the case of State v. Headrick, 149 Mo. 396, 51 S. W. 99, and in conflict with the decision of the Kansas City Court of Appeals in the case of Barhydt & Co. v. Alexander & Co., 59 Mo. App. 188, it is accordingly so ordered, pursuant to section 6 of the Amendment of 1884 to Art. VI of the Constitution.