RITZER *v.* RITZER.

1. MARRIAGE—CONTRACTS—PUBLIC POLICY—DIVORCE.

While marriage is in a very important sense a contract, it is also a relation governed by the rules of public policy which apply to no mere private agreements, and while ordinary private contracts may be dissolved by consent of the parties, marriage may be dissolved only with the consent of the State, or by the death of one or both of the parties.

2. DIVORCE—STATE A PARTY—JURISDICTION.

The State being a party to every divorce proceeding, a divorce may not be had except in that court upon which the State has conferred jurisdiction, and then only for those causes and with those formalities which the State has by statute prescribed. .

3. SAME — ALIMONY—WITHHOLDING ALIMONY QUESTION NOT ALLOWABLE UNDER STATUTE.

Prior .to the enactment of Act No. 259, Pub. Acts 1909, it was recognized that though the question of permanent alimony was ordinarily determined at the time the decree of divorce was granted, the chancellor might withhold the decision of the alimony question for later determination upon additional testimony or upon the evidence submitted at the hearing, but the statute requires decision of said question at time decree is granted.

4. SAME—ALIMONY DEFINED.

Alimony is an incident of marriage based on the husband's duty to support his wife, and signifies not a portion of his estate, but an allowance adjudged against him for her sustenance according to his means and their condition in life during their separation, whether for life or for years, and it may result in a division of the husband's estate.

5. SAME—POWER TO AWARD ALIMONY STATUTORY.

The power to award alimony is wholly statutory; courts of chancery having no inherent jurisdiction over it.

6. SAME—POWERS OF COURT.

By the law of this State the court is authorized to grant divorce, award alimony, provide for the custody and support of minor children, and adjust the property rights of the parties.

7. SAME—UNDER STATUTE THERE MAY NOT BE SEVERAL FINAL DECREES.

Under 3 Comp. Laws 1915, § 11436, there may not be several final decrees at the same time in the same divorce proceeding between the same parties.

8. SAME—DECREES EITHER FINAL OR INTERLOCUTORY.

All decrees are either final or interlocutory; there being no intermediate class, a decree cannot be part final and part interlocutory.

9. SAME—FINAL DECREE DISPOSES OF ALL ISSUES.

A decree is final where nothing remains to be done in the cause, as distinguished from beyond the cause; when it fully decides and disposes of the whole merits of the cause and leaves no further questions therein for the future judgment of the court, although ministerial and administrative action may be necessary to settle the details of the litigation.

10. APPEAL AND ERROR—APPEALS MATTERS OF CONSTITUTIONAL AND STATUTORY REGULATION.

The right of appeal did not exist at common law and therefore in what cases, in what manner, and from what courts an appeal lies is a matter of constitutional and statutory regulation.

11. SAME—APPEAL LIES ONLY WHEN ALL ISSUES DETERMINED.

Generally, an appeal does not lie from an order or decree adjudging only part of the issues or causes of action in the case, leaving others undisposed of, but lies only when all issues of fact and law have been determined.

12. DIVORCE—STATUTES—DUTY OF COURT TO DISPOSE OF ALL ISSUES IN ONE DECREE.

Under Act No. 259, Pub. Acts 1909, it is the duty of the court granting a decree of divorce to pass upon and adjudicate not only the right to divorce but also the property rights of the parties in one decree.

13. SAME—RIGHT TO APPEAL NOT LOST BY FAILING TO APPEAL FROM DECREE LEAVING ALIMONY QUESTION UNSETTLED.

Although under Act No. 259, Pub. Acts 1909, a divorce granted without settling and disposing of alimony and the property rights of the parties, if unappealed from, would not be subject to collateral attack, the object and purpose of the statute was to make it mandatory for the trial court to dispose of the matters of divorce, alimony, and property together; and until they are adjudicated the decree is not final in such a sense as to prevent an appeal when a decree is subsequently made, which, when added to the divorce decree, covers all of the matters required by the statute to be adjudicated in one decree.

14. SAME — APPEAL BRINGS ENTIRE CONTROVERSY FOR REVIEW WHERE SEVERAL DECREES ENTERED.

Where the court below granted a decree of divorce, but withheld settlement of property matters of the parties for further adjudication, an appeal from the later decree brings the entire controversy to the Supreme Court for review, and it was not necessary to perfect an appeal from the former decree, which disposed of only part of the issues in controversy.

15. APPEAL AND ERROR—DIVORCE—POWERS OF SUPREME COURT ON APPEAL.

The Supreme Court, on appeal, may examine all errors assigned or found in the final order or decree, and hear and determine such appeal, and all matters concerning the same, and may reverse, affirm, or alter such order or decree, or make a new order or decree as justice may require (3 Comp. Laws 1915, § 13760).

16. DIVORCE—ALIMONY—COURT MAY NOT ORDER SALE OF PARTIES' PROPERTY UNTIL RIGHTS WERE DETERMINED BY FINAL DECREE.

In divorce proceedings the trial court had no authority to order a sale of the property held by the parties or either of them until their property rights were determined and fixed by final decree, or to order the property sold because the testimony as to its value was conflicting and its value difficult to determine.

17. SAME—EVIDENCE—SUFFICIENCY.

In wife's suit for divorce, evidence *held*, insufficient to make out a case entitling her to a decree.

Appeal from St. Joseph; Johnson (Clayton C.), J. Submitted April 13, 1928.     (Docket Nos. 137, 138, Calendar Nos. 33,685, 33,686.)     Decided July 24, 1928.

Bill by Ida Ethel Ritzer against Emanuel Ritzer for a divorce. From a decree for plaintiff, defendant appeals.     Reversed, and bill dismissed.

*Theo. T. Jacobs, Harry C. Howard,* and *Raymond H. Dresser,* for plaintiff.

*Hagerman & Miller,* for defendant.

POTTER, J.     The parties hereto were married in 1897.     They lived together 28 years.     Plaintiff left and filed a bill for divorce, alimony, and division of property.     The suit was tried, and February 2, 1927, a decree of divorce in favor of plaintiff was entered. This decree provided it was first necessary to sell the real estate, held by the parties as tenants by the entireties, and the personal property, before the court could determine the proper division that should be made between them.     It ordered a sale of the property. The proceeds of the prospective sale were ordered brought into court.     Defendant was to render a strict accounting for the period he was in possession of the hotel and furnishings, owned by the parties.     The determination of plaintiff's costs and expenses was postponed for further consideration, as was the final settlement of their property matters.     A sale of the property held by the parties as tenants by the entireties was made and confirmed.     This sale was set aside and another sale made and confirmed.     The property matters of the parties and plaintiff's costs and expenses were finally determined and fixed by a further order and decree.

Claims of appeal from the decrees of February 2, 1927, granting a divorce, and July 16, 1927, finally settling the property matters and expenses, and from

various orders of sale and resale and confirmation were filed, as well as from the trial court's order denying defendant's appeal from the decree of February 2, 1927. The case is here on two records, which have been treated as one, and the appeals have been heard together and will be so disposed of.

While marriage is in a very important sense a contract, it is also a relation governed by the rules of public policy which apply to no mere private agreements. *Leavitt* v. *Leavitt,* 13 Mich. 452. Ordinary private contracts may be dissolved by consent of the parties. Marriage may be dissolved only with the consent of the State (which is interested in the care of the parties and of their children), or by the death of one or both of the parties. The consent of the State may be directly given by special legislative enactment, unless prohibited by constitutional provision as in Michigan, or by general laws specifying the conditions under which divorce may be granted, leaving the ascertainment of the existence of those conditions to the judicial department. The State being a party to every divorce proceeding (*Robertson* v. *Robertson,* 178 Mo. App. 478 [163 S. W. 266]; *Yeager* v. *Yeager,* 43 Ind. App. 313 [87 N. E. 144]; *McIntyre* v. *McIntyre,* 30 N. Y. Supp. 200),

"a divorce cannot be had except in that court upon which the State has conferred jurisdiction and then only for those causes and with those formalities which the State has by statute prescribed." 19 C. J. p. 19.

Although this court called attention at an early date to the impropriety of trying divorce cases piecemeal and subjecting the parties to an unnecessary multiplicity of suits and of appeals (*Enos* v. *Sutherland,* 9 Mich. 148; *Lewis* v. *Campau,* 14 Mich. 458 [90 Am. Dec. 245]), it was recognized prior to the enactment of the statute of 1909 that though the question of permanent alimony was ordinarily determined by the trial court at the time the decree of divorce was granted

the chancellor might withhold the decision of the alimony question for later determination upon additional testimony or upon the evidence submitted at the hearing.    *Adams* v. *Seibly,* 115 Mich. 402; *Moross* v. *Moross,* 129 Mich. 27.

Alimony is an incident of marriage based on the duty of the husband to support his wife.    It signifies not a portion of his estate, but an allowance adjudged against him for her sustenance according to his means  and their condition in life during their separation, whether for life or for years.    It may result in a division of the husband's estate, but the controlling element is his compulsory contribution for her support and maintenance under obligations of the marriage contract.    *Bialy* v. *Bialy,* 167 Mich. 559 (Ann. Cas. 1913A, 800).

The power to award alimony is wholly statutory. *Peltier* v. *Peltier,* Har. Ch. 19; *Perkins* v. *Perkins,* 16 Mich. 162; *Maslen* v. *Anderson,* 163 Mich. 477. Courts of chancery have no inherent jurisdiction over it.    *Maslen* v. *Anderson, supra.*

By the law of this State the court is authorized to grant divorce, award alimony, provide for the custody and support of minor children, and adjust the property rights of the parties.    It has broader powers than the ecclesiastical courts of England.    *Smith* v. *Smith,* 45 Ala. 264; *Mitchell* v. *Mitchell,* 20 Kan. 665.

The State, in 1909, provided by Act No. 259, Pub. Acts 1909 (3 Comp. Laws 1915, § 11436):

"When any decree of divorce is hereafter granted in any of the courts of this State, it shall be the duty of the court granting such decree to include in it a provision in lieu of the dower of the wife in the property of the husband, and such provision shall be in full satisfaction of all claims that the wife may have in any property which the husband owns or may thereafter own, or in which he may have any interest."

The trial court disregarded the plain provisions of

this mandatory statute. There cannot be several final decrees at the same time in the same divorce proceeding between the same parties. 23 Cyc. p. 772; 3 Comp. Laws 1915, § 11436.

All decrees are either final or interlocutory. There is no intermediate class. 21 C. J. p. 642. A decree cannot be part final and part interlocutory. 21 C. J. p. 644. A decree is final where nothing remains to be done in the cause, as distinguished from beyond the cause (21 C. J. p. 643) ; when it fully decides and disposes of the whole merits of the cause and leaves no further questions therein for the future judgment of the court, although ministerial and administrative action may be necessary to settle the details of the litigation. 21 C. J. pp. 643, 644; 5 Ency. Pleading & Practice, .p. 950; *Dainese* v. *Kendall,* 119 U. S. 53 (7 Sup. Ct. 65) ; *Lodge* v. *Twell,* 135 U. S. 232 (10 Sup. Ct. 745) ; *Lewis* v. *Campau,* 14 Mich. 458 (90 Am. Dec. 245) ; *Caswell* v. *Comstock,* 6 Mich. 394; *Enos* v. *Sutherland,* 9 Mich. 148; *Webber* v. *Randall,* 86 Mich. 58.

In *Enos* v. *Sutherland, supra,* it is said:

"The policy of the statute, in only allowing appeals from a final decree, is, that the whole case shall be reviewed in this court at one time, and not in detached parts, at different times, thereby lengthening litigation."

The right of appeal did not exist at common law. It was introduced into equity practice from the civil law. Not being of common-law origin, in what cases, in what manner, and from what courts an appeal lies is a matter of constitutional and statutory regulation. The general rule is that an appeal does not lie from an order or decree adjudicating only part of the issues or causes of action in the case, leaving others undisposed of, but lies only when all issues of fact and law have been determined. 3 C. J. pp. 447, 448. This general rule is particularly applicable to appeals in

divorce cases, in which, by the statute above quoted, it is the duty of the court granting a decree to pass upon and adjudicate not only the right to divorce, but the property rights of the respective parties to the controversy.

Prior to the statute of 1909 the matter of alimony could be disposed of separate from and subsequent to that of divorce. *Mincer* v. *Wayne Circuit Judge,* 163 Mich. 628. And, under the present statute, a divorce granted without settling and disposing of alimony and the property matters of the parties, if unappealed from, would not be subject to collateral attack. *Cole* v. *Cole,* 144 Mich. 346. The object and purpose of the statute of 1909 was to make it mandatory for the trial court to dispose of the matters of divorce, alimony, and property together; and until they are adjudicated the decree is not final in such a sense as to prevent an appeal when a decree is subsequently made, which, when added to the divorce decree, covers all of the matters which by statute are to be adjudicated at one time in one decree. It is only when the trial court disposes of all of the matters which by statute he is required to dispose of in one decree that an appeal must be taken or waived.

An appeal lies from the decree herein settling the property matters in this case; an appeal was unnecessary until such decree was made; after it was made an appeal brings to this court all previous partial decrees adjudicating a part of the controversy. When the merits of a cause are finally adjudicated and no further questions therein require judicial action, that stage of finality is reached when an appeal may bring the entire controversy to this court for review. Until then it is not incumbent upon the appellant to act.

We hold the last appeal made and perfected was sufficient to bring here the entire controversy. It was not necessary to file a claim of appeal or to give

a bond and pay the statutory fee until the controversy had been judicially passed upon.

This court, on appeal, may examine all errors assigned or found in the final order or decree, and hear and determine such appeal, and all matters concerning the same, and may reverse, affirm, or alter such order or decree, or make a new order or decree as, justice may require. Section 13760, 3 Comp. Laws 1915.

The trial court had no authority to order a sale of the property held by the parties or either of them until their property rights were determined and fixed by final decree, or to order the property sold because the testimony as to its value was conflicting and its value difficult to determine. The sale ordered by the trial court, by the decree of February 2, 1927, for the reasons stated therein, transcended the power and authority of the court. *Williamson* v. *Berry,* 8 How. (U. S.) 495. Forced sales are synonymous with sales at a sacrifice. *Geddes* v. *Anaconda Mining Co.,* 254 U. S. 590 (41 Sup. Ct. 209).

Plaintiff and defendant, after their marriage, were close, industrious, and economical. They had earned and saved about $25,000 at the time of their separation. There were no children and plaintiff wanted none. They had no serious trouble until one Herman Geiger, a distant relative and young German immigrant, came here, in part at defendant's expense, and lived in the home of the parties. It would serve no useful purpose to perpetuate in this opinion the record of the testimony taken. It is sufficient that we have examined it with care, and do not find plaintiff has made out a case entitling her to a decree of divorce. The several orders and decrees herein, including that of February 2, 1927, are reversed, and the bill of complaint dismissed, without costs.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, MCDONALD, and SHARPE, JJ., concurred.